Hazel PORTER, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

COMMISSIONER OF INTERNAL REVENUE, Petitioner,

v.

Hazel PORTER, Respondent.

Nos. 17491, 17505.

United States Court of Appeals
Sixth Circuit.

Jan. 18, 1968.

Thomas E. Meister, Cincinnati, Ohio, for Hazel Porter.

Louis M. Kauder, Atty., Dept. of Justice, Washington, D. C., for Commissioner, Mitchell Rogovin, Asst. Atty. Gen., Lee A. Jackson, Robert N. Anderson, Carolyn R. Just, Attys., Dept. of Justice, Washington, D. C., on brief.

Before WEICK, Chief Judge, PHILLIPS, Circuit Judge, and McALLISTER, Senior Circuit Judge.

PER CURIAM.

■ This is a petition to review a decision of the Tax Court, which held that periodic payments by a husband to his divorced wife over a period of fifteen years pursuant to a divorce decree were taxable to the wife as ordinary income. Reference is made to the memorandum opinion of the Tax Court, T. C. Memo 1966–79, for a complete statement of facts.

It is the claim of the wife that these periodic payments were made to compensate her for her interest in shares of stock in the corporation in which her husband was the principal stockholder and that they did not represent payments for her support.

The wife owned no shares of stock in the corporation, her only relationship with the company being that she formerly had been employed as a secretary. The divorce decree divided other property between the husband and wife but made no mention of the corporate stock. After hearing conflicting evidence the Tax Court made findings of fact that the periodic payments made to the wife were intended to be support payments and did not represent a division of property.

Petitioner contends that the State court's characterization of the periodic payments as "alimony" does not necessarily mean under Ohio law that they are payments for support, rather than a division of property. The tax consequences of these payments under 26 U.S.C. § 71 are not governed by State law. One of the purposes intended by Congress in enacting this statute was that there would be uniformity of tax treatment for situations arising in the various states. Commissioner of Internal Revenue v. Lester, 366 U.S. 299, 81 S.Ct. 1343, 6 L.Ed.2d 306.

■ Whether such payments were made to satisfy an obligation to support or to satisfy property rights is a question of intent, and the determination of the Tax Court will not be set aside unless clearly erroneous. Bardwell v. Commissioner of Internal Revenue, 318 F.2d 786 (10th Cir.); Riddell v. Guggenheim, 281 F.2d 836 (9th Cir.).

The decision of the Tax Court is affirmed.