**Michael N. LAMBROS, Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Appellee.**

**No. 71–1844.**

United States Court of Appeals, Sixth Circuit.

April 26, 1972.

---

1. The search produced a shotgun that was admitted into evidence.

Willis S. Sifred, Lima, Ohio, for appellant.

Louis Bradbury, Tax Div., Dept. of Justice, Washington, D. C., for appellee; Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Bennet N. Hollander, Attys., Tax Div., Dept. of Justice, Washington, D. C., on brief.

Before PHILLIPS, Chief Judge, WEICK, Circuit Judge, and KINNEARY, District Judge.*

PHILLIPS, Chief Judge.

After a marriage of 25 years, taxpayer Michael Lambros, an Ohio resident, was divorced by his wife in the Court of Common Pleas of Allen County, Ohio, on December 28, 1965. In taxable years 1965 and 1966 Lambros claimed deductions for payments made pursuant to the divorce decree.

The Commissioner disallowed the deductions on the ground that the payments represented a division of property rather than the discharge of a marital obligation. Lambros appeals from this determination in the Tax Court.

The Tax Court found for the Commissioner and against the taxpayer on this issue. T.C. Memo No. 1971–135, 30 TCM 585. We affirm. Reference is made to the opinion of the Tax Court for a more complete statement of the undisputed facts.

The appeal involves the question of whether payments made pursuant to the taxpayer's divorce decree were deductible under §§ 71 and 215 of the Internal Revenue Code of 1954.[1]

---

* Honorable Joseph P. Kinneary, Judge, U. S. District Court for the Southern District of Ohio, sitting by designation.

1. "§ 71. Alimony and separate maintenance payments

"(a) General rule.—

"(1) Decree of divorce or separate maintenance.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

   *     *     *     *     *

"(c) Principal sum paid in installments.—

"(1) General rule.—For purposes of subsection (a), installment payments discharging a part of an obligation the principal sum of which is, either in terms of money or property, specified in the decree, instrument, or agreement shall not be treated as periodic payments.

"(2) Where period for payment is more than 10 years.—If, by the terms of the decree, instrument, or agreement, the principal sum referred to in paragraph (1) is to be paid or may be paid over a period ending more than 10 years from the date of such decree, instrument, or agreement, then (notwithstanding paragraph (1)) the installment payments shall be treated as periodic payments for purposes of subsection (a), but (in the case of any one taxable year of the wife) only to the extent of 10 percent of the principal sum. For purposes of the preceding sentence, the part of any principal sum which is allocable to a period after the taxable year of the wife in which it is received shall be treated as an installment payment for the taxable year in which it is received."

"§ 215. Alimony, etc., payments

"(a) General rule.—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income."

We review briefly the legislative history of these sections. They originated in the Revenue Act of 1942, ch. 619, § 120, 56 Stat. 798, 816–17, codified, §§ 22(k), 23(u), Int.Rev.Code of 1939. The purpose was

"to provide in certain cases a new income tax treatment for payments in the nature of, or in lieu of, alimony or an allowance for support as between divorced or legally separated spouses.

These amendments are intended to treat such payments as income to the spouse actually receiving or actually entitled to receive them and to relieve the other spouse from the tax burden upon whatever part of the amount of such payments is under the present law includible in his gross income." S.Rep.No.1631, 77th Cong., 2d Sess. (1942–2 Cum.Bull. 504, 568) (1942). Accord H.R.Rep.No.2333, 77th Cong., 1st Sess. (1942–2 Cum.Bull. 372, 427) (1942).

A distinction was drawn between alimony or support and division of property.

"This section applies only where the legal obligation being discharged arises out of the family or marital relationship in recognition of the general obligation to support, which is made specific by the instrument or decree. This section does not apply to that part of any periodic payment attributable to any interest in the property so transferred, which interest originally belonged to the wife, unless she received it from her husband in contemplation of or as an incident to the divorce or separation without adequate and full consideration in money or money's worth, other than the release of the husband or his property from marital obligations." S.Rep.No. 1631, supra, 1942–2 Cum.Bull. at 569. Accord, H.R.Rep.No.2333, supra, 1942–2 Cum.Bull. at 428. See Bardwell v. Commissioner of Internal Revenue, 318 F.2d 786, 789 (10th Cir. 1963).

The "ten year rule" now embodied in § 71(c) (2) originated in the Senate, "for a necessary clarification of the rule in the case of installment payments of alimony." S.Rep.No.1631, supra, 1942–2 Cum.Bull. at 568. As set out in the report:

"The rule provided in your committee bill is that, in general, installment payments discharging a part of an obligation the principal sum of which is, in terms of money or property, specified in the decree or instrument are not considered periodic payments for the purposes of Section 22(k). However, an installment payment is to be considered a periodic payment if such principal sum, by the terms of the decree or instrument, may be or is to be paid within a period ending more than 10 years from the date of such decree or instrument." Id. at 568–69.

The Senate version was accepted at conference. See H.R.Rep.No.2586, 77th Cong., 2d Sess. (1942–2 Cum.Bull. 701, 703–04) (1942).

Sections 71 and 215 of the Internal Revenue Code of 1954 merely reenacted §§ 22(k) and 23(u) without relevant substantive change. See S.Rep.No.1622, 83d Cong., 2d Sess. 170 (1954).

■ Lambros urges that the payments' compliance with the "ten year rule" of § 71(c) (2) is a necessary and sufficient condition for deductibility. We disagree. The statutory prerequisite for deductibility of payments to a divorced wife applies with equal force to indefinite payments and to definite payments complying with § 71(c) (2). That section merely mandates that definite amounts payable over more than ten years be deemed "periodic" and does not eliminate the requirement that the payments be in the nature of support rather than a division of property. See McCombs v. Commissioner of Internal Revenue, 397 F.2d 4, 7 (10th Cir. 1968).

■■ The undisputed facts support the Tax Court determination that the payments were made pursuant to a division of capital. See McCombs, supra. The principal amount payable to the wife was approximately one-half of the

property accumulated by the parties. The decree (relevant portions of which are set forth in the Appendix to this opinion) referred to the wife's efforts during the early years of the marriage but made no reference to Lambros' income and ability to pay nor to his wife's needs or independent income. It expressly stated that "an equitable distribution of . . . property ought to be made" and referred to the decree's "division of the property." Although the decree designated $100 per month as support for Lambros' daughter, it denominated no sum as support for the wife. Whether the payments "were made to satisfy an obligation to support or to satisfy property rights is a question of intent, and the determination of the Tax Court will not be set aside unless clearly erroneous." Porter v. Commissioner of Internal Revenue, 388 F.2d 670, 671 (6th Cir. 1968).[2] We do not find clear error.

The taxpayer relies upon the provisions of the divorce decree that the payments are in lieu of all support and that he henceforth would not be liable for the support of his ex-wife, and that the payments were "in lieu of all claims" by his ex-wife. While the language of the decree may be subject to varying reasonable interpretation, the Commissioner's determination presumptively was correct. Lambros had the burden of showing otherwise. See Welch v. Helvering, 290 U.S. 111, 115 (1933). Any evidence outside the decree bearing on intent was peculiarly within his ability to produce.

In a well-prepared brief and oral argument Lambros urges this court to "take a fresh look at the alimony question." This we are unable to do within our authorized scope of review in the face of the language of the controlling sections of the Internal Revenue Code (n.1), their legislative history and the language of the divorce decree.

Affirmed.

2. This standard of review applies notwithstanding the fact that the Tax Court considered the case solely on stipulated

## APPENDIX

"From the evidence adduced, the Court finds that the parties have a net worth of more than Three Hundred Twelve Thousand Dollars. ($312,000.-00).

"The Court further finds that the Plaintiff did assist and work with the Defendant in the early years of their marriage. The Court finds that an equitable distribution of said property ought to be made and that the Plaintiff be granted property or cash in the sum of One Hundred Fifty Thousand Dollars ($150,000.00) as herein provided as follows:

Twelve Thousand Dollars ($312,000.-value of the house and furnishings,

Five Thousand Dollars ($5,000.00), value of horses, automobile, and stock in either the name of the Plaintiff or her daughter, which said wife and daughter shall retain as their own.

Twenty Five Thousand Dollars ($25,000.00) to be paid to the Plaintiff in cash upon the signing of the journal entry herein or within thirty (30) days from date thereof, One Hundred Thousand Dollars ($100,000.00) in cash to be paid to said Plaintiff within ninety (90) days from the date of the journal entry herein with no interest or, in the alternative, the sum of One Hundred Thousand Dollars ($100,000.00) to be paid in semi-annual instalments of Five Thousand Dollars ($5,000.00) each with interest at the rate of four and one-half per cent per annum (4½%), said interest payable in quarterly instalments until said One Hundred Thousand Dollars ($100,000.00) has been paid together with interest. The Defendant shall have the right and privilege of paying any remaining balance at any time, at which time the said interest shall cease. The first quarterly instalment of interest is to be made April 1, 1966

facts and documentary evidence. See United States Steel Co. v. Fuhrman, 407 F.2d 1143, 1145–1146 (6th Cir. 1969).

and first payment on principal plus interest shall be due and payable on July 1, 1966.

"This division of the property shall be in lieu of all support for said Plaintiff and the Defendant shall henceforth not be liable for the support of said Plaintiff.

\* \* \* \* \* \*

"Said allowances herein made on behalf of the wife shall be in full of all claims by said wife including the rights of dower and the Defendant shall have as his own all the real property of the parties, all of which are now in his name, and the said Plaintiff shall be barred from all rights of dower therein and the Defendant shall have all other property of the parties, real or personal, not herein specifically granted to the wife."