**Donn W. GRIFFITH,
Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.**

No. 83–1579.

United States Court of Appeals,
Sixth Circuit.

Argued Nov. 5, 1984.
Decided Nov. 30, 1984.

**12**

Arthur H. Thomas, Jr. (argued), Worthington, Ohio, for petitioner-appellant.

Joel Gerber, Acting Chief Counsel, I.R.S., Glenn L. Archer, Jr., Michael L. Paup, Tax Division, Dept. of Justice, Washington, D.C., Gilbert S. Rothenberg, John P. Griffin (argued), Washington, D.C., for respondent-appellee.

_____

* Honorable Floyd R. Gibson, Senior Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

Before ENGEL and KENNEDY, Circuit Judges, and GIBSON, Senior Circuit Judge.*

**CORNELIA G. KENNEDY, Circuit Judge.**

Griffith appeals the United States Tax Court determination that certain payments he made to his ex-wife during 1977 represented property settlement rather than support and thus that Griffith was not entitled to a deduction under I.R.C. § 215 for those amounts.

Griffith, an Ohio veterinarian, was divorced from his wife Judith on March 1, 1976. In its decree the state trial court found that the parties had approximately $50,000 equity in two pieces of real property (Griffith's two veterinary clinics, one of which was combined with their residence), in addition to two cars, two boats, and other personal property; and that Mrs. Griffith was an experienced school teacher but needed further education to renew her teaching certificate. In addition to child support Griffith was ordered to pay $500 per month alimony until September 1976. The decree disposed of the personal property and required Griffith to pay his ex-wife $25,000 in cash.

On appeal the Ohio Court of Appeals held that the evidence supported the trial court's determination that the parties had $50,000 equity in their property, and affirmed the property division provisions of the decree. The appeals court held, however, that the termination date of the alimony should be left open rather than fixed at September 1976, as there was no assurance that Mrs. Griffith would be able to find employment by then.

On remand the trial court found that the parties had agreed to a settlement of their disputes. The agreement provided that the $500 per month alimony would continue until June 1977 and terminate then. The court further found:

the parties have agreed that in lieu of the $25,000.00 obligation imposed April 21, 1976, the plaintiff shall be obligated to make payments to the defendant totalling $28,300.00, over a period of one hundred forty-one & ½ months, of $200.00 per month beginning January 1, 1977, and ending Nov. 1, 1988. The parties have agreed that the obligation to pay the $200.00 per month for 141½ months shall be secured by a mortgage of the real estate owned by the plaintiff.

The court entered its final judgment in accordance with this agreement.

On his 1977 tax return Griffith claimed a deduction of $2,200 for eleven payments of $200 each made pursuant to this decree in 1977. The Commissioner of Internal Revenue disallowed the deduction, and Griffith petitioned the Tax Court for a redetermination. The Tax Court held that the payments were in the nature of property settlement, rather than alimony or support, and upheld the Commissioner. T.C. Memo. 1983–278.[1] Griffith appeals.

■ Section 215 of the Internal Revenue Code provides that a husband shall be entitled to a deduction for payments taxable as income to his wife under I.R.C. § 71. That section provides that:

> the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree ....

As Griffith was obligated to make payments over a period of more than ten years, there is no question but that the payments were periodic. *See* I.R.C. § 71(c)(2). However, not all periodic payments are entitled to § 71 treatment. *Lambros v. Commissioner*, 459 F.2d 69 (6th Cir.1972). Section 71 also requires that the payments be made "in discharge of ... a legal obligation which, because of

the marital or family relationship, is imposed on or incurred by the husband under the decree."

This Court has interpreted this language as encompassing only payments in the nature of alimony or support, rather than property settlement. *Crouser v. Commissioner*, 668 F.2d 239 (6th Cir.1981); *Lambros v. Commissioner*, 459 F.2d 69, 71 (6th Cir.1972); *Porter v. Commissioner*, 388 F.2d 670 (6th Cir.1968). Whether particular payments represent support or property settlement is a question of intent, and the Tax Court's resolution of this question may be reversed by this Court only if clearly erroneous. *Crouser*, 668 F.2d at 242; *Porter*, 388 F.2d at 671. The issue, therefore, is whether the Tax Court's determination that the payments were intended to be part of a property settlement is clearly erroneous.

■ The language and structure of the decree are of great weight in determining whether the decree was intended to require payments as support or property settlement. *Crouser*, 668 F.2d at 242; *Lambros*, 459 F.2d at 72. This is particularly true when the decree is the result of a settlement agreement drafted by the parties. *See Campbell v. Lake*, 220 F.2d 341, 343 (5th Cir.1955).

■ The payments at issue here were expressly imposed "in lieu of the $25,000.00 obligation" imposed by the original decree. The original $25,000 obligation was clearly intended to be part of the property settlement rather than support. That sum represents half the amount found to be the parties' equity in their property. *See Lambros*, 459 F.2d at 71–72. While payments totalling $28,300 over eleven years do not equal an immediate payment of $25,000, the amounts are close enough to be a reasonable compromise in light of Griffith's inability to pay a large lump sum.

The final decree provided that the $500 per month alimony payments would end in June 1977. These support payments ended presumably because the trial court found in

---

1. The decision of the Tax Court is reported at 52 T.C. Memo (P–H) ¶ 83–278 (1983).

its original order that Mrs. Griffith would only need support until she could get her teaching certificate renewed. Although the appellate court left the termination date of the $500 monthly payments indefinite, it indicated that it would be appropriate for the payments to stop when Mrs. Griffith in fact obtained a teaching job. The existence of this provision concerning support payments implies that the following provision, providing for the payments at issue here, did not concern a support obligation.

The final decree obligated Griffith to pay a set amount, $28,300, over a fixed period of time. There was no indication that this obligation would be modified if there was a change in circumstances, such as death, remarriage, or change in income. The obligation was ordered secured by a mortgage on Griffith's real property. These factors have all been held indicative of a property settlement. *Gammill v. Commissioner,* 710 F.2d 607, 610 (10th Cir.1982); *Crouser,* 668 F.2d at 242–43; *Lambros,* 459 F.2d at 71–72; *Campbell,* 220 F.2d at 343. The Tax Court was not clearly erroneous in finding that the $200 per month payments were not made in discharge of a marital obligation of support.

Griffith argues that the payments could not have represented a property settlement because the parties' equity in property was so low that they did not have that much property to divide. This Court will not, however, entertain a collateral attack on the Ohio courts' findings that the parties had $50,000 equity in property. In any event, this argument misses the point. The question is whether the decree provision was intended to operate as a property settlement, not whether the payments actually effectuated a division of the property owned by the parties. Even if the state courts were wrong, the evidence supports the finding that they intended to divide property rather than impose support.

Accordingly, the judgment of the United States Tax Court is affirmed.