Ruth F. Riley ADAM, Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C75–181K.

United States District Court, D. Wyoming.

April 8, 1977.

William J. Kirven, Kirven & Kirven, Buffalo, Wyo., for plaintiff.

James P. Castberg, U. S. Atty., Cheyenne, Wyo., Robert L. Baker, Atty., Dept. of Justice, Washington, D. C., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

KERR, District Judge.

The above-entitled matter having come on for trial before the Court on February 2, 1977, the plaintiff appearing by and through her attorney William J. Kirven and the defendant appearing by and through Tosh Suyematsu, United States Attorney for the District of Wyoming and Robert L. Baker, attorney from the Department of Justice, Tax Division, and the Court having reviewed the pleadings, the evidence, and the exhibits submitted by the parties and being fully advised in the premises, makes the following Findings of Fact and Conclusions of Law.

## FINDINGS OF FACT

1. That plaintiff Ruth F. Riley Adam resides in Sheridan, Wyoming, and at all times relevant was a citizen of the State of Wyoming;

2. That the defendant United States of America is a sovereign body politic;

3. That this is an action for refund of Internal Revenue taxes arising under 26 U.S.C. Section 7422, 28 U.S.C. Section 1346(a)(1) and 28 U.S.C. Section 1402(a)(1);

4. That timely assessments were made for deficiencies resulting from her failure to report, as alimony, payments received from her ex-husband William L. Riley during the years 1971, 1972 and 1973;

5. That the plaintiff paid the above-mentioned assessed deficiencies for each of the years in issue and filed claims for refund for the taxes paid for each of those years;

6. That plaintiff's claims for refund filed for the years 1971 and 1972 were rejected by the Internal Revenue Service and plaintiff's claim for refund filed for the year 1973 was never allowed or denied. On October 1, 1975, plaintiff filed the instant complaint demanding judgment against the defendant in the amount of $2,518.75 together with interest as allowed by law;

7. That Ruth F. Riley Adam and William L. Riley were married on September 5, 1942, and were divorced on January 6, 1971;

8. That on or about September 21, 1970, the Rileys separated and the plaintiff filed

a Petition for Separate Maintenance on September 22, 1970;

9. That on October 19, 1970, the District Court of the Fourth Judicial District, County of Sheridan, State of Wyoming, entered an Order for Temporary Support which provided that Mr. Riley pay plaintiff $400.00 per month during the pendency of the suit as well as assume responsibility for all the current debts of the parties. Mr. Riley made the payments provided for in the Order for Temporary Support until the date of the divorce;

10. That on January 5, 1971, one day prior to the date the divorce was granted, plaintiff and her husband entered into an agreement which was characterized by the parties and the court granting the divorce as a "Property Settlement Agreement and Stipulation". This agreement makes no reference to alimony or monthly support payments. It relates only to a division of the property acquired by the parties during their marriage. It provides in pertinent part as follows:

"The parties do hereby stipulate and agree to resolve the dispute existing between them in regard to the division of their property and rights therein in the above entitled action as follows: . . ."

\*     \*     \*     \*     \*     \*

"This Agreement is intended to be and shall be a full, final and complete settlement of all property rights that either may have in the estate of the other, whether arising from the right of inheritance, or the marital relationship and neither party shall assert any claim, demand or right against the other except as contained herein . . . ."

11. That during the 29 years of their marriage the plaintiff and Mr. Riley accumulated considerable property. The principal income-producing asset of the marriage was 420 shares of stock in Riley Motor Corporation, a family-owned corporation, acquired during the marriage through gifts and inheritance;

12. That while not a full-time employee of Riley Motor Corporation, the plaintiff worked in the business at Riley Motor Corporation and contributed to the success of the business;

13. That plaintiff invested inherited monies into a related snowmobile business operating under the umbrella of Riley Motor Corporation;

14. That during the term of the marriage and in furtherance of the business of Riley Motor Corporation the plaintiff worked in the office, answered the telephone, answered correspondence, did billing, entertained Buick Motor division officials when they were in the area (which helped to obtain new automobiles for sale), and arranged for new car showings and encouraged people to buy Buicks;

15. That pursuant to the Property Settlement Agreement and Stipulation, the plaintiff received assets totaling $94,925.00 in value and William L. Riley released any interest he might have acquired in certain property inherited by the plaintiff during the last few years of the marriage. William L. Riley received assets having a total value of $127,220.00 consisting primarily of Riley Motor Corporation stock;

16. That by the Property Settlement Agreement and Stipulation the parties effected an even division of the marital property;

17. That at the time of the divorce Mr. Riley did not have the cash to make up the difference between the value of the property he received and the value of the property the plaintiff received and accordingly, arrangements were made to pay the $36,300.00 difference in payments of $300.00 per month;

18. That the payments of $300.00 are not geared to Mr. Riley's income or the plaintiff's income and are not terminable upon the plaintiff's remarriage or death or on the death of her ex-husband;

19. That rather than require Mr. Riley to make both the last support payment and the first payment under the Property Settlement Agreement in the same month, the

$36,300.00 was scheduled to be paid over 121 months from the date of the divorce decree;

20. That the Property Settlement Agreement and Stipulation contains provisions designed to secure the payment of the $36,300.00 in that Mr. Riley was required to pledge the proceeds of one of his life insurance policies and to place and keep 210 shares of Riley Motor Corporation stock in trust to guarantee the payments;

21. That the $300.00 payments were not made for support and maintenance but were intended by the parties as a method to effect an equitable distribution of the marital property;

## CONCLUSIONS OF LAW

1. That this Court has jurisdiction over the parties and the subject matter of this action pursuant to Title 28 U.S.C. Sections 1340 and 1345 and Section 7402 of the Internal Revenue Code of 1954;

2. That Section 71 of the Internal Revenue Code of 1954 provides that if a wife is divorced from her husband under a decree of divorce, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after the decree was entered in discharge of (or attributable to property transferred, in trust or otherwise in discharge of) a legal obligation which, because of the marital relationship, is imposed on or incurred by the husband under the divorce decree or a written instrument incident to the divorce;

3. That Section 71(a) limits periodic payments which are includable in the wife's income to those which are received in discharge of a legal obligation, which is imposed because of a marital or family relationship. Accordingly, even though the payments may qualify under Section 71(c)(2) as periodic because they may be paid over a period ending more than 10 years from the date of the decree, they are still not periodic under Section 71(a) and reportable in the wife's income unless they are received in discharge of a legal obligation imposed because of the marital or family relationship;

4. That the controlling factor where the agreement is ambiguous is the intent of the parties to the agreement as determined by the surrounding facts and circumstances. The Property Settlement Agreement in this case is not ambiguous and it is not necessary to look beyond it to determine that these payments were in fact property settlement payments resulting from a division of the marital property;

5. That the monthly payments provided for in the agreement constituted division of the property payments and not alimony or support payments to the wife;

6. That payments made to a former wife having all the elements and characteristics of division of capital including the fact that the payments were to be made without regard to the death or remarriage of the former wife and which have none of the elements or characteristics of support or alimony payments arising out of a general obligation to support a divorced wife, are not includable in the wife's income as alimony or payments in lieu thereof even if made over a period greater than 10 years from the date of the divorce decree. See *Mills v. Comm. of Int. Rev.*, 442 F.2d 1149 (10th Cir. 1971); *McCombs v. Comm. of Int. Rev.*, 397 F.2d 4 (10th Cir. 1968);

7. That these payments are not reportable in the income of the plaintiff under the provisions of Section 71 of the Internal Revenue Code of 1954;

8. Judgment will be entered by this Court in accordance with these Findings of Fact and Conclusions of Law for the plaintiff in the amount of $2,518.75 together with interest as allowed by law from the date or dates of payment by plaintiff of these taxes to defendant.