FRANKLIN S. FOWLER AND JEANNE C. FOWLER, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Fowler v. Commissioner
Docket No. 25140-82.
United States Tax Court
T.C. Memo 1985-457; 1985 Tax Ct. Memo LEXIS 170; 50 T.C.M. (CCH) 941; T.C.M. (RIA) 85457; September 3, 1985. Thomas H. McPeters, for the petitioners. Steven M. Roth, for the respondent. GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent determined a deficiency of $5,688.95 in petitioners' 1978 Federal income taxes. After a concession, the sole issue for consideration is whether payments made by Franklin S. Fowler on behalf of Katherine Ann Fowler (Katherine) are deductible alimony payments under section 215. [1] References to petitioner in the singular will be to Dr. Franklin S. Fowler. FINDINGS OF FACT Some of the facts have been stipulated and are so found. The stipulation of facts and attached exhibits are incorporated herein by reference. Petitioners resided in Redlands, California, at the time the petition in this case was filed. They timely filed their 1978 income tax return with the Internal Revenue Service Center. On June 17, 1977, petitioner filed suit for divorce from Katherine in the Superior Court of California, County *172 of Riverside. At that time Katherine was a housewife and the mother of three children born to the marriage, Douglas, born January 25, 1963; Christine, born November 3, 1965; and Gregory, born October 13, 1966. In an Order to Show Cause, dated October 7, 1977, petitioner was directed to make certain payments to and on behalf of Katherine. The order provided in part, as follows: Petitioner is ordered to pay respondent [Katherine], as and for spousal support, the sum of $250.00 per month, payable one-half on 1st and one-half on the 15th days of each month, commencing September 15, 1977, and continuing until further order of the court. As and for additional spousal support, petitioner is ordered to pay the payments due on the 1975 Datsun station wagon in the approximate sum of $143.00 per month and on the microwave oven in the approximate sum of $100.00 per month together with the payments due on the obligations listed in his Financial Declaration on file herein. [2] Petitioner shall have credit for the payments made by him pursuant to this order at the time of trial. *173 The order also required petitioner to pay Katherine $500 per month for child support and to maintain health insurance coverage for Katherine and the three children's benefit. Pursuant to the order, custody of the oldest child was awarded to petitioner, custody of the middle child was awarded to Katherine, and joint custody was awarded of the youngest child, pending final resolution of the divorce suit. An Interlocutory Judgment of Dissolution of Marriage was granted on March 22, 1978. All other issues were reserved and continued to June 23, 1978. The divorce became final on October 11, 1978, under a Final Judgment (Marriage) of Dissolution. On January 3, 1979, the remaining issues were resolved in a Judgment Re Custody, Support, Division of Property and Fees. In the judgment, the court ordered the following division of the marital property: To the petitioner [Dr. Fowler] as his sole and
Value
separate property
1. All household furniture and furnishing in
his possession
$3,210.00
2. 1975 Datsun automobile
2,325.00
3. Loan due from Health Ministry Foundation
5,130.00
4. Tools and equipment in his possession,
subject to encumbrance thereon (Sears)
3,980.00
5. Farm equipment donated to Loma Linda
University
6,225.00
6. Backhoe and skip loader, grain drill and
6,000.00
disc
7. Retirement benefits through petitioner's
employment
334.00
8. Utility trailer
250.00
9. Industrial shelves
650.00
10. Bicycle
50.00
11. All life insurance policies insuring
petitioner's life. Petitioner is ordered
to maintain the minor children as
beneficiaries of the life insurance
policies awarded to him hereunder so long
as he is under any obligation to support
said children.
Total
$28,154.00
*174 Present
Community Obligations
Balance
1. La Loma Employee's Credit Union
$9,329.00
2. Associates Financial Services, Co.
9,134.00
3. Sears, Roebuck & Co., revolving charge
201.00
4. Master Charge, Crocker National Bank
818.00
Total
$19,482.00
Petitioner is ordered to pay the above community obligations and save respondent harmless therefrom. Net value of property to petitioner:
$8,672.00
To the respondent [Katherine] as her sole and
Value
separate property
1. All household furniture and furnishing in
her possession
$7,420.00
2. 1975 Datsun automobile subject to existing
encumbrance thereon [3]
1,152.00
3. Bauer movie camera
100.00
Net value of property to respondent:
$8,672.00
In addition, the judgment contained provisions pertaining to custody of the children and petitioner's obligations for child support and alimony. Joint custody of the three children was awarded, with actual physical care and control of the oldest child *175 to petitioner, and actual physical care and control of the middle child and the youngest child to Katherine. Petitioner was required to pay Katherine child support of $500 per month until the children became self-supporting, married, reached age 18, or until further order of the court, whichever occurred first. As additional child support, petitioner was required to maintain health insurance for the children's benefit and pay one-half of their reasonable orthodontia and school tuition expenses. Petitioner was also required to pay Katherine $350 per month for her support, commencing July 1, 1978, and continuing thereafter until the earliest of the death of either party, Katherine's remarriage, or further order of the court. Pursuant to the court order dated October 7, 1977, petitioner made payments totaling $12,299 during 1978. [4] On their 1978 Federal income tax return, petitioners deducted $12,299 as alimony payments. Respondent, in his notice of deficiency, disallowed the following deductions: Amount
Nature of the payment
$1,308.15
Automobile payments on the 1975 Datsun
5,718.38
One-half of the community debts paid
in 1978
2,272.47
Payments for health and life insurance,
school expenses, etc. [5]
*176 Petitioner contends that because he was not given credit for the payments in dispute when the marital property was divided the payments are deductible as alimony. Respondent, on the other hand, argues that the payments were taken into account when the marital property was divided and that, consequently, they are in the nature of a property settlement, which is not deductible. We agree with respondent. OPINION The only issue for consideration is whether certain of the payments petitioner made during 1978, pursuant to court order, for the benefit of Katherine are deductible by him as alimony payments. Section 215 allows a deduction for payments made to an exspouse which are includable in *177 the recipient's income under section 71. Section 71(a) includes in gross income periodic payments received in discharge of a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the paying spouse under a divorce decree or written instrument incident to the divorce. "Periodic payments" do not include installment payments which discharge an obligation to pay a principal sum specified in the decree, instrument, or agreement. Section 71(c)(1). An exception to the general rule, however, is provided for installment payments that are paid over a period ending more than 10 years from the date of the decree or agreement, but only to the extent of 10 percent of the principal sum in any one taxable year. Section 71(c)(2). A principal sum is stated in the document if the aggregate total to be paid can be determined by mathematical calculation. Warnack v. Commissioner,71 T.C. 541, 555 (1979). The requirement that the payments be made in discharge of a legal obligation imposed because of the marital or family relationship has been interpreted to require that the payments be in the nature of support rather than a property settlement. *178 Sec. 1.71-1(b)(4), Income Tax Regs.; Riley v. Commissioner,649 F.2d 768, 773 (10th Cir. 1981), affg. a Memorandum Opinion of this Court; Schottenstein v. Commissioner,75 T.C. 451, 456 (1980); Warnack v. Commissioner,supra at 550; Bishop v. Commissioner,55 T.C. 720, 724-725 (1971). The issue of whether payments are in the nature of support or part of a property settlement is a factual one which must be resolved by examining the surrounding facts and circumstances of each case. Beard v. Commissioner,77 T.C. 1275, 1284 (1981); Gammill v. Commissioner,73 T.C. 921, 926 (1980), affd. 710 F.2d 607 (10th Cir. 1982); Wright v. Commissioner,62 T.C. 377, 389 (1974), affd. 543 F.2d 593 (7th Cir. 1976); Ryker v. Commissioner,33 T.C. 924, 929 (1960). Both petitioner and respondent agree that the Superior Court was authorized to order petitioner to pay the community debts, pending the resolution of the divorce issue. Petitioner's payment of these debts pursuant to court order, however, does not in itself make the payments *179 deductible as alimony. Rather, the deductibility of these payments must be determined by applying a number of objective criteria. Factors that indicate the payments are in the nature of a property settlement rather than for support are: (1) The parties in their agreement, or in the decree, intended the payments to effect a division of the marital property, Wright v. Commissioner,supra at 389; (2) the payments are fixed in amount and not subject to contingencies, such as the death of either party or remarriage of the recipient, Crouser v. Commissioner,73 T.C. 1113, 1117 (1980), affd. 668 F.2d 239 (6th Cir. 1981); McCombs v. Commissioner,397 F.2d 4, 8 (10th Cir. 1968), affg. a Memorandum Opinion of this Court; (3) the amount of the payments plus the other property awarded to the recipient equaled approximately one-half of the marital property, Lambros v. Commissioner,459 F.2d 69, 71-72 (6th Cir. 1972); see also Warnack v. Commissioner,supra at 553; (4) the recipient surrendered valuable property rights in exchange for the payments, Riley v. Commissioner,supra at 772-773; *180 Mann v. Commissioner,74 T.C. 1249, 1259-1262 (1980); and (5) support is provided for through a separate provision elsewhere in the decree, agreement or instrument, Schottenstein v. Commissioner,supra at 457. See also Beard v. Commissioner,supra,77 T.C. at 1284-1285. Petitioner argues that he was not given credit for the payments in dispute when the property was divided as directed by the court. In the judgment dated January 3, 1979, however, the court ordered an equal division of the marital property, as required under California law. Petitioner was awarded property with a value of $28,154 and assigned the obligation to pay the community debts in the amount of $19,483. Petitioner thus received property with a net value of $8,672. Katherine was also awarded property with a net value of $8,672. As in Lambros v. Commissioner,supra, the amount of the payments plus the other property awarded to the recipient equaled approximately one-half of the marital property. See also Warnack v. Commissioner,supra at 553. It is this equal division of the property that we view as decisive *181 in this case. Consequently, we must hold that the payments were made to effect a property settlement rather than as support. Such payments are capital in nature and are not deductible by petitioner. Thompson v. Commissioner,50 T.C. 522, 525 (1968). In addition, the payments are more in the nature of a property settlement because Katherine surrendered valuable property rights in exchange for the payments. See Riley v. Commissioner,supra at 772-773; Mann v. Commissioner,supra at 1259-1262. On October 7, 1977, when the court directed petitioner to make payment on certain community debts that would become due before the resolution of the divorce suit, the debts totaled $53,000.[6] On January 3, 1979, when the property was equally divided pursuant to court order, the debts had decreased to $19,482. The difference of $33,518 represented not only a decrease in the debts outstanding against the marital property, but also a corresponding probable increase of equity in the property. Therefore, the value of the property subject to the January 3, 1979, judgment included an increase in value that resulted, in part, from the debts *182 paid by petitioner during 1978. Petitioner received additional property in the amount of $7,026.53 pursuant to the division of the property. This additional property represented Katherine's rights in the property which she relinquished in exchange for petitioner's payment of her half of the community debts during 1978. If petitioner was not given credit for the payments in dispute, as he argues, Katherine would have received additional property in the amount of $7,026.53, representing her rights in the equity which was acquired through the payments petitioner made during 1978. Therefore, the payments in dispute were implicitly taken into account when the value of the property was determined and equally divided. Katherine's rights in property transferred to petitioner in exchange for the payments he made on her behalf supports our finding that the payments were made to effect a property settlement rather than as support. Petitioner further argues that the Internal Revenue Service recognizes that payment of community obligations constitutes deductible alimony where no economic benefit of any kind is obtained by the paying spouse at *183 the time of the division of property. This is merely another way of saying that petitioner was not given credit for the payments in dispute, a matter considered above. There are other factors in this case which support our finding that the payments concerned a property settlement. For example, the terms of the court order obligated petitioner to pay a fixed sum in monthly installments. These payments were not subject to change in the event that petitioner's income increased or decreased; neither were these payments subject to any contingencies such as the death of either party or Katherine's remarriage. See Riley v. Commissioner,supra at 770; Beard v. Commissioner,supra at 1285; Adam v. United States,429 F.Supp. 38, 41 (D. Wyo. 1977); Thompson v. Commissioner,supra at 526. Another factor that supports a finding of property settlement is that Katherine's support was provided for in a separate provision elsewhere in the Order. See Schottenstein v. Commissioner,supra at 457. In the paragraph immediately preceding the one directing petitioner to make the payments in dispute, *184 petitioner was ordered to pay Katherine $250 per month as spousal support. Petitioner also argues that the Superior Court of California characterized the payments as support, therefore such characterization is conclusive. It is well settled, however, that the labels given to the payments by the parties or the courts are not dispositive of the tax characterization. Beard v. Commissioner,supra at 1283-1284; Gammill v. Commissioner,supra at 926-927; Hesse v. Commissioner,60 T.C. 685, 691 (1973), affd. without published opinion 511 F.2d 1393 (3d Cir. 1975), cert. denied 423 U.S. 834 (1975); Bardwell v. Commissioner,38 T.C. 84, 89-90 (1962), affd. 318 F.2d 786 (10th Cir. 1963). Petitioner's reliance on Boucher v. Commissioner,710 F.2d 507 (9th Cir. 1983), affg. a Memorandum Opinion of this Court, is misplaced. In Boucher, the husband was ordered by the court to pay his ex-wife $700 per month in lieu of a property division. Boucher v. Commissioner,supra at 508-509. Boucher is distinquishable from the instant case, because *185 Mr. Fowler was not required to make the payments in dispute in lieu of property settlement. A crucial factor is that the payments were not "periodic" as required by section 71(a) and defined in section 71(c). The court order pursuant to which petitioner made the payments refers to the community debts listed in petitioner's Financial Declaration. In this declaration the balance of each debt was listed in a fixed amount, as well as the amount of the monthly payments due. [7] The amount petitioner was directed to pay could be ascertained by mathematical calculation. Full payment was to be made over a period ending less than 10 years from the date of the court order. The largest debt petitioner listed had a balance of $15,000 as of June 3, 1977. The monthly payment due on this debt was $385. Absent default, petitioner would have paid off this debt, as well as the other debts, within 39 months from the date of the court order.Therefore, these periodic payments do not satisfy the 10-year requirement of section 71(c)(2). Based on the foregoing, we hold that the payments in dispute were in the nature of a property settlement. Therefore, petitioners are *186 not entitled to deduct these payments from their income under section 215. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue.↩
2. The obligations listed in Dr. Fowler's Financial Declaration were as follows: ↩
Monthly
Payment
Balance
Master Charge
$200
$2,000
La Loma Credit Union
385
15,000
Assoc. Fin. Inc.
434
15,000
Ford Motor Co.
550
16,000
Sears
200
5,000
3. Dr. Fowler and Katherine owned two 1975 Datsun automobiles. The one awarded to Katherine was the one on which Dr. Fowler was directed by the court to make payments.↩
4. The payments made by Dr. Fowler were comprised of the following: ↩
$3,000.00
payments to Katherine for her support
1,308.15
payments on the 1975 Datsun automobile
5,718.38
payments representing one-half of the
community obligations paid in 1978
2,272.47
payments for health and life insurance,
school expenses, etc.
5. Petitioners have conceded that the $2,272.47 paid for health and life insurance, school expenses, etc., is not deductible as alimony.↩
6. See debts listed in n. 2, supra.↩
7. See n. 2, supra.↩