Robert L. PHINNEY, District Director of
Internal Revenue, Appellant,

v.

George E. MAUK and Rosemary Mauk,
Appellees.

No. 26244.

United States Court of Appeals
Fifth Circuit.

May 29, 1969.

Morton L. Susman, U. S. Atty., James
R. Gough, Frank C. Cooksey, Asst. U. S.
Attys., Houston, Tex., Mitchell Rogovin,
Asst. Atty. Gen., Louis M. Kauder, Lee
A. Jackson, Attys., Tax Div., U. S. Dept.
of Justice, Washington, D. C., Leonard
B. Tatar, Tax Div., U. S. Dept. of Jus-
tice, Fort Worth, Tex., Robert N. Ander-
son, Marian Halley, Attys., Dept. of
Justice, Washington, D. C.

Dougal C. Pope, Houston, Tex., for ap-
pellee.

Before AINSWORTH and SIMPSON,
Circuit Judges, and MITCHELL,* Dis-
trict Judge.

* Sitting by designation.

MITCHELL, District Judge:

The District Court granted the taxpayer-plaintiff's motion for summary judgment and the District Director of Internal Revenue appealed.

The only issue on appeal is whether payments made by George Mauk, the taxpayer-husband, to his former wife, pursuant to the provisions of an agreement entitled "Separation and Property Settlement Agreement" and a divorce decree, are deductible as alimony under Section 215(a) of the Internal Revenue Code of 1954[1] as claimed by taxpayers on their original income tax returns, or whether, as the District Director contends, the payments were made with respect to a property settlement between husband and wife and, therefore, non-deductible.

Mauk and his former wife, Frances, were divorced on June 1, 1959. Shortly prior thereto, on May 29, 1959, they entered into a property settlement agreement which included the following provision:

"(e) In consideration for the relinquishment by the said Frances E. Mauk of any claim to the 'G.E.M. LITHO–PRINT COMPANY' business herein awarded to George E. Mauk and the assignment of it by her to him, the said George E. Mauk agrees to pay to the said FRANCES E. MAUK the sum of SEVENTY TWO THOUSAND EIGHT HUNDRED AND NO/100 ($72,800.00) DOLLARS for her interest in said property, such payment to be made in weekly installments at SEVENTY AND NO/100 ($70.00) DOLLARS each, beginning on the date the divorce is granted dissolving their marriage to each other, with a like installment of $70.00 being due and payable on Monday of each calendar week thereafter until the entire sum has been paid in full."

On June 19, 1959, the divorce decree, containing the following provision, was entered:

"IT IS FURTHER ORDERED that Defendant GEORGE E. MAUK pay to Plaintiff FRANCES E. MAUK the sum of SEVENTY TWO THOUSAND EIGHT HUNDRED AND NO/100 ($72,800.00) DOLLARS in weekly installments of SEVENTY AND NO/100 ($70.00) each, commencing the date this divorce is granted, with a like installment of ($70.00) being due and payable on or before Monday of each succeeding calendar week thereafter until the entire sum has been paid in full, representing the consideration to be paid by Defendant to Plaintiff for the assignment of Plaintiff's interest in the G.E.M. LITHO–PRINT COMPANY to Defendant.

IT IS FURTHER ORDERED that the parties shall execute proper instruments effecting the above described property settlement and conveying their respective interest in said properties."

On June 1, 1959, George Mauk executed a promissory note in the amount of $72,800 payable to Frances Mauk. On the same day she executed a bill of sale to him which provided that, in consideration of the promissory note, she bargained, sold and delivered to him

"* * * all my undivided interest in and to the business known as G.E.M. Litho-Print Co. together with all of its equipment, fixtures, assets, accounts receivable and everything pertaining thereto and used in connection therewith."

and that the remarriage or death of Frances Mauk would not affect the payment of the note.

Taxpayer contends that the payments he made to his former wife in the years 1959, 1960 and 1961 are alimony and,

1. 26 U.S.C. § 215(a).

therefore, deductible under 26 U.S.C. § 71(a) (1) which provides:

"Decree of divorce and separate maintenance.—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation, which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation."

and under 26 U.S.C. § 215(a) which provides:

General rule.—In the case of a husband described in section 71, there shall be allowed as a deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income."

It is the District Director's position that the payments were made in exchange for the relinquishment by Frances Mauk of her property rights in the G.E.M. Litho-Print Company and thus taxpayer was not entitled to the claimed deduction.

When the community property was distributed between the parties, the former wife received assets valued at $7,207.09 and taxpayer received assets valued at $1,000. As to the business in which the former wife sold her interest to taxpayer for the sum of $72,800, it was stipulated by the parties that the liabilities exceeded the assets by $27,544.73.

The District Director's contention that the weekly payments could not be considered alimony because they were labeled as a property settlement is fallacious. This court clearly held in Taylor v. Campbell,[2] that the labels attached to an agreement by the parties are not controlling. Nor would the fact that the payments would not terminate upon the death or remarriage of the wife indelibly stamp such payments as being made pursuant to a property settlement agreement.

To determine the true nature of such payments, it is necessary to determine the intent of the parties to the agreement. Unfortunately, such evidence is not before the court on this appeal and it is essential in determining whether or not the payments made by taxpayer were in discharge of the marital relationship rather than in discharge of the property relationship between the parties.

Since the evidence adduced was insufficient to support the taxpayer's motion for summary judgment, the judgment is reversed and the cause is remanded for further proceedings consistent with this opinion, including consideration of the issue of depreciation, should that issue again arise.