ed States ex rel. Crosby v. Brierley, 404 F.2d 790, 801 (3d Cir. 1968).

The judgment of conviction will be vacated and the proceedings remanded for a new trial.

**Elizabeth Marie COKER and Alfred J. Vogel, Co-Executors of the Estate of Alfred M. Coker, Deceased, and Elizabeth Marie Coker, Individually, Plaintiffs-Appellants,**

v.

**UNITED STATES of America, Defendant-Appellee.**

**No. 71–1523.**

United States Court of Appeals, Eighth Circuit.

March 27, 1972.

Edmund D. McEachen, Gerald P. Laughlin, of Young, Baird, Holm, McEachen, Pedersen, Hamann & Haggart, Omaha, Neb., for plaintiffs-appellants.

Charles Roy Burnett, Atty., Tax Div., Dept. of Justice, Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Harry Baum, Attys., Tax Div., Dept. of Justice, Washington, D. C., for defendant-appellee; Richard A. Dier, U. S. Atty., of counsel.

Before GIBSON, HEANEY, and ROSS, Circuit Judges.

PER CURIAM.

Executors of the estate of deceased taxpayer, Alfred M. Coker, instituted this action for refund of income taxes alleging Coker was entitled to deductions for certain payments made by him to his former wife pursuant to a divorce decree. The trial court, 327 F.Supp. 169, granted summary judgment for the United States from which this appeal was taken.

In 1960 the divorce decree was granted in the District Court of Douglas County, Nebraska. That decree incorporated a settlement agreement, which, among other things, provided for permanent alimony payments of $1,000 per month for life and payment of two $30,000 payments as follows:

"2. Second Party shall pay to First Party the sum of Thirty Thousand ($30,000) Dollars within ten (10) days of the entry of a decree in the pending action, and the sum of Thirty Thousand ($30,000) Dollars within one (1) year and ten (10) days after the entry of said decree."

The divorce decree ordered payment accordingly as follows:

"IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Defendant pay to the Clerk of the

District Court the sum of $30,000.00 within ten days of the date hereof, and the further sum of $30,000.00 within one year and ten days of the date hereof, both of which sums shall be paid to the Plaintiff as permanent alimony."

The taxpayer deducted the two $30,000 payments as periodic payments of alimony in his 1960 and 1961 tax returns; however, the Commissioner disallowed the deductions. The resulting deficiencies were paid and this suit followed.

The issue is whether the trial court properly found the payments in question to have been made in discharge of a property settlement [Int.Rev.Code of 1954, § 71(c)], and thus not deductible by the taxpayer, or whether they were in fact periodic payments [Int.Rev.Code of 1954, § 71(a)], taxable to the wife's gross income and deductible by the taxpayer. Judge Robinson found that the two $30,000 payments were a part of the property settlement, were not contingent upon death or remarriage and, therefore, were not deductible.

We agree with the trial court that Smith's Estate v. Commissioner of Internal Revenue, 208 F.2d 349, 353 (3d Cir. 1953), is controlling. In that case, the taxpayer was to pay a sum of $25,000 in ten equal semiannual installments in addition to certain periodic payments. The court found that the ten payments were obviously installment payments rather than periodic payments. Here, appellants seek to distinguish *Smith's Estate* on the fact that the $25,000 was specifically enumerated. Judge Robinson found that because the total sum of $60,000 was so obvious, and that the lump sum was divided merely to avoid the monetary burden in one year, to have stated that sum specifically would have been duplicitous. We agree with the trial court that the facts in this case are not distinguishable from those in *Smith's Estate, supra,* on the basis urged by appellants.

We further agree that "the fact that said payments were described as 'perma-nent alimony' in the court decree is descriptive but not determinative. *See* Lounsbury v. Commissioner of Internal Revenue, 321 F.2d 925 [926] (9th Cir. 1963)." We view these two $30,000 payments as installments paid on a lump sum settlement.

The judgment is affirmed on the basis of the opinion of the trial court.