**Robert W. BOUCHER and Bernice L. Boucher, Defendants-Appellants,**

v.

**COMMISSIONER OF INTERNAL REVENUE, Plaintiff-Appellee.**

**No. 82–7121.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted March 9, 1983.

Decided July 11, 1983.

Paul D. Miller, Great Falls, Mont., for defendants-appellants.

Laurie Snyder, Dept. of Justice, Tax Div., Washington, D.C., for plaintiff-appellee.

Before GOODWIN, ALARCON, and FERGUSON, Circuit Judges.

ALARCON, Circuit Judge.

Robert W. Boucher and Bernice L. Boucher (the taxpayers) appeal from an order of the tax court upholding the determination of the Commissioner of Internal Revenue that there was an income tax deficiency for the years of 1974 and 1975.

The sole issue presented by this appeal is whether a taxpayer may deduct payments made to his former spouse where the state

court, in a prior contested divorce proceeding, has awarded the payments as compensation for an interest in property, and not as spousal support.

### I.

Robert W. Boucher and his present wife, Bernice, filed joint tax returns for the years 1974 and 1975 in which payments of $700.00 a month made to his former wife Billie were deducted as alimony from his gross income. The Commissioner mailed a Notice of Deficiency to the taxpayer on September 26, 1978, disallowing the deductions claimed as alimony on the ground that the payments were made in settlement of property. Consequently, the payments were not deductible by him under section 215 of the Internal Revenue Code.[1] On December 26, 1978, the taxpayer petitioned the United States Tax Court for a redetermination of the alleged deficiencies.

The tax court upheld the Commissioner's determination that the payments made to Boucher's former wife were nondeductible payments for property settlement.

Robert W. Boucher, a rancher, and Billie, his former spouse, had been married thirty years prior to their divorce in 1971. At the time of their marriage, neither owned any property. During their marriage, they accumulated property with an estimated worth of $425,000. In her petition for divorce, Billie requested an equal division of the property and alimony payments of $750.00 per month.

During the pendency of the divorce action, Robert W. Boucher paid Billie $300.00

a month for maintenance. The parties were so bitter following their separation that they could not agree on the terms of the divorce or a property settlement.

After a trial on the issue of property division and spousal support, the Montana district court refused to order an equal division of property or alimony as requested by Billie. In detailed written findings of fact and conclusions of law the state court specifically found that "a joint tenancy exists between the parties with respect to an undivided one-half (½) interest in and to 480 acres of land hereinafter described." The decree awarded to Billie "as property settlement for plaintiff's [Billie's] interest in the property accumulated during the marriage in the name of the defendant ... (a) that defendant shall pay to plaintiff for the remainder of her life the sum of $700.00 per month..." This obligation was impressed as a lien against all real property owned by Robert W. Boucher in Ponderosa County, Montana. The court stated in addition "[t]hat Defendant [Robert W. Boucher] shall hold and operate the said farm and ranch subject to the lien aforesaid and subject to the joint tenancy interest of Plaintiff [Billie]."

The Montana court explained its reason for ordering periodic compensation to Billie as follows:

That in order to preserve the integrity and continuity of the farm and ranch operation herein and *to make just allowance to plaintiff for her interest in such accumulated property, and in lieu of any property division* the plaintiff is reasonably entitled to a payment to her of

1. 26 U.S.C. § 215 provides:

(a) *General Rule.*—In the case of a husband described in section 71, there shall be allowed as deduction amounts includible under section 71 in the gross income of his wife, payment of which is made within the husband's taxable year. No deduction shall be allowed under the preceding sentence with respect to any payment if, by reason of section 71(d) or 682, the amount thereof is not includible in the husband's gross income.

26 U.S.C. § 71 provides in pertinent part:
Alimony and separate maintenance payments.
(a) *General Rule.*—

(1) *Decree of divorce or separate maintenance*
If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

$700.00 per month for the remainder of her life, together with the town house .... and one ... automobile.

Subsequently, Robert W. Boucher requested that the Montana district court modify its decree to characterize the monthly payments awarded to Billie as alimony rather than property settlement. This motion was opposed by Billie. The Montana district court denied the motion after hearing argument and again "considering the evidence, papers, files and records." The court declared that the divorce decree "wholly and correctly sets forth the intent, determination and judgment of the court." Robert W. Boucher did not appeal this order. He nevertheless deducted as alimony the amount of payments made to Billie pursuant to the divorce decree.

The tax court determined that the payments awarded by the Montana district court were in satisfaction of Billie's property rights, and therefore were neither includable in her gross income [2] nor deductible by the taxpayer.[3] In making this determination, the tax court examined Montana state law to determine whether Billie had acquired an interest in property during her marriage to Robert W. Boucher. Relying on *Cook v. Cook,* 159 Mont. 98, 495 P.2d 591, 593 (1972), the tax court noted that the law of Montana provides that property acquired during marriage may be divided by the divorce court regardless of the state of title to that property or of the actual financial contribution of either party. The tax court also pointed out that Boucher had not proven that Billie's efforts throughout the marriage did not contribute to the acquisition of and maintenance of the property acquired during marriage. Finally, the tax court, stated that "it is clear from the record here that the Montana court considered

the $700 monthly payments to be a part of a property division and this fact is entitled to substantial weight. (citation omitted)."

II.

In his brief, the taxpayer argues that labels used by the parties to a divorce or by a divorce court to describe periodic payments to a former spouse are not binding on the Treasury or on this Court. None of the cases cited to us by the taxpayer supports the argument that the tax court or this court may ignore the final determination of a state court, following a contested hearing, that periodic payments have been awarded as compensation for an interest in property.

Section 215 of the Internal Revenue Code, 26 U.S.C. § 215, allows a deduction for payments made by a taxpayer to a former spouse if those payments are includible in the income of the recipient under section 71. 26 U.S.C. § 71. Section 71(a)(1) provides that payments are includible in the income of the recipient only if they are (1) periodic and (2) made in discharge of a legal obligation which, because of the marital or family relationship, is imposed by decree or written instrument incident to the divorce. 26 U.S.C. § 71.

"Section 71(a) applies only to payments made because of the marital or family relationship in recognition of the general obligation to support *which is made specific by the decree, instrument, or agreement....*" Treas.Reg. 1.71–1(b)(4) (emphasis added). Periodic payments made in satisfaction of the recipient spouse's property rights do not come within § 71(a)(1). Treas.Reg. 1.71–1(c)(4).[4]

As noted above, the decree of the Montana state court expressly provided that the

---

2. *See* 26 U.S.C. § 71.

3. *See* 26 U.S.C. § 215.

4. Treas.Reg. 1.71–1(c)(4) provides:
   (c) *Alimony and separate maintenance payments attributable to property*
   \*    \*    \*    \*    \*    \*
   4. Section 71(a)(1) or (2) does not apply to that part of any periodic payment attrib-

utable to that portion of any interest in property transferred in discharge of the husband's obligation under the decree or instrument incident to the divorce status or legal separation status, or transferred pursuant to the written separation agreement, *which interest originally belonged to the wife....* (emphasis added).

periodic *i.e.,* payments were awarded "for her interest in such accumulated property" and to avoid breaking up the farm and ranch operation on the property jointly owned by Billie. Section 71(a)(1) by its terms applies solely to periodic payments specifically ordered in a decree in discharge of an obligation to support a former spouse. The taxpayer requested modification of the decree so that it would expressly provide that the payments were awarded as spousal support. The Montana court refused to do so on the basis that the decree correctly reflected its intent to compensate Billie Boucher for her property interest. Thus, the deductions were improperly taken by the taxpayer because the decree did not specifically require him to pay spousal support.

### III.

The taxpayers argue that the tax court and this court are not bound by the tax court's clear determination that the payments were ordered to compensate Billie for her interest in the farm and ranch property. An examination of the cases relied upon by the taxpayer reveals that each involved an interpretation of an ambiguous property settlement agreement which had been negotiated by the parties and incorporated by the state domestic relations court into its decree *without* a trial on the merits of the nature of the payments.

In *Coker v. United States,* 456 F.2d 676 (8th Cir.1972), a decree incorporated a settlement agreement that provided for permanent alimony payments of $1,000 per month for life and two $30,000 payments, the first due within ten (10) days and the second due one year and ten (10) days from the date of the decree. The trial court found that the two $30,000 payments were a part of the property settlement since they were not contingent upon death or remarriage and the lump sum of $60,000 obviously was divided merely to avoid the monetary burden in one year. *Id.* at 677. On appeal, the Eighth Circuit likewise viewed the two $30,000 payments as installment payments paid on a lump sum. The court stated that

the fact that the payments were described as permanent alimony in the decree was " 'descriptive but not determinative.' " *Id.* (citing *Lounsbury v. Commissioner of Internal Revenue,* 321 F.2d 925, 926 (9th Cir. 1963)).

*Lounsbury* also involved a negotiated property settlement that was later incorporated in a divorce decree. The decree ordered the taxpayer to pay his former spouse the sum of $10,000.00 as alimony or furnish her with a home worth at least that amount. The parties subsequently executed an agreement providing that the taxpayer's payment of $3,714.61 was to be credited against the $10,000 divorce obligation. The agreement further obligated him to pay the remainder of the $10,000. He later paid the amounts of $4,200 and $924 and deducted these from his income.

On appeal, the taxpayer argued that the $10,000 amount was imposed because of the marital relationship, not a property settlement. This court stated that the manner in which the duty was met, not the source of the duty to pay, was decisive. 321 F.2d at 926. The agreement and decree imposed a lump sum payment, not periodic payments by which the wife shared in the taxpayer's income. Because the arrangement was to accomplish a transfer of capital, this court held that the lump sum payments were not deductible as alimony. *Id.* at 927.

In *Phinney v. Mauk,* 411 F.2d 1196 (5th Cir.1969), the parties negotiated a property settlement agreement that provided for installment payments of $70 per week until the sum of $72,800 was paid. These payments were stated to be in exchange for the relinquishment of any interest in the taxpayer's business. The decree incorporated this provision. The taxpayer deducted the amounts as alimony.

The Fifth Circuit disagreed with the Commissioner's position that the weekly payments could not be considered alimony because they were labeled as a property settlement. The court noted that the labels attached to an agreement by the parties are not controlling, and the fact that the payments lack a contingency would not "indeli-

bly stamp such payments as being made pursuant to a property settlement agreement." *Id.*

The court held that in order to determine the true nature of the payments, evidence of the intent of the parties would have to be considered. The court reversed the summary judgment and remanded the action for further evidence to determine whether the payments were in discharge of the marital relationship rather than in discharge of the property relationship between the parties. *Id.*

In *Riddell v. Guggenheim,* 281 F.2d 836 (9th Cir.1960), the parties negotiated a property settlement agreement that provided for monthly payments to the taxpayer's former spouse "by way of property settlement and not as alimony." *Id.* at 838. The payments were to terminate if the wife died or remarried. This court stated that the agreement was not clear because it unequivocally stated that the payments were for a property settlement, but nevertheless conditioned the payments. These ambiguous provisions, "especially in determining income tax liability, required the lower court to consider oral evidence of the parties' intention in drawing up the agreement (citations)." *Id.* at 840.

We remanded the action in *Riddell* because there was insufficient evidence to support the finding of the district court that the parties intended the payments as alimony and that they were in fact made in discharge of a legal obligation arising out of the marital relationship.

In *Bardwell v. Commissioner of Internal Revenue,* 318 F.2d 786 (10th Cir.1963), the parties negotiated an agreement that provided for monthly payments to the wife contingent upon her death or remarriage. The agreement emphasized that the payments were not alimony but part of the property settlement. In another paragraph, the agreement stated that the wife would accept the agreement in full settlement for all claims for permanent alimony and as a property settlement.

The Tenth Circuit stated that it was not bound by the labels which the parties attach to the payments in their agreement "especially when its other provisions make it equivocal." *Id.* at 789 (citations omitted).[5] The court also noted that "[t]he adoption of the agreement in the decree entered by the state court added nothing to the stature of the agreement so far as the tax effects are concerned." *Id.* Because the agreement was ambiguous, "to a degree that required explanation," the tax court properly considered oral testimony relating to the parties' intention. *Id.* at 790.

The court concluded that the payments were includible in the wife's income under section 71 because (1) the husband testified that his intent was to agree to support payments, (2) there was nothing in the record to show that the wife surrendered any

---

**5.** *Bardwell v. Commissioner of Internal Revenue,* 318 F.2d 786 (10th Cir.1963) relies on *Soltermann v. United States,* 272 F.2d 387 (9th Cir.1959). There, this court stated that it agreed with the government's view that the character of payments depends on their true nature, not on the labels employed to describe them. *Id.* at 390. The parties had negotiated a settlement agreement that provided for monthly payments to the wife as alimony and in satisfaction of the husband's obligation to maintain and support the wife. The decree incorporated this provision. Subsequently, the husband obtained a modification relieving him of the obligation to make future monthly payments as called for in the original decree. The Supreme Court of Florida reversed this amended decree. We stated:

> For various reasons we are unwilling to say that this decision by the Supreme Court of

Florida is binding upon the United States as a determination that the payments called for by the separation agreement and the divorce decree were intended by the parties, and in legal effect were made, solely in release of the ex-wife's property interest in the jewelry business which had during coverture been operated by the husband for many years. So far as concerns the doctrine of res judicata, it is obvious enough that the United States is not bound by *Underwood v. Underwood,* since the United States was in no sense a party to the divorce proceedings.

272 F.2d at 389–90.

Inasmuch as *Soltermann* involved a determination of the *parties'* intent, we believe it is not controlling here where the parties' intent is not an issue.

property interests or gave up anything in exchange for the payments except her right to alimony, and (3) the agreement provided for a division of the property. The court also noted that the agreement did not specify a principal sum to be paid in the form of the monthly payments and hence the payments could not be termed installment payments under section 71(c).

This court has recognized that the parties have considerable freedom in determining the tax consequences of their divorce through a negotiated property settlement agreement, *see Bernstein v. Commissioner of Internal Revenue,* 622 F.2d 442, 445 (9th Cir.1980). The clearly expressed intent of the parties to a divorce will determine the nature of the payments for taxpayers. *See, e.g., Lambros v. Commissioner of Internal Revenue,* 459 F.2d 69, 72 (6th Cir.1972); *Porter v. Commissioner of Internal Revenue,* 388 F.2d 670, 671 (6th Cir. 1968). Where the agreement is ambiguous as to the parties' intent, the surrounding facts and circumstances must be examined to ascertain the true nature of the payments. *See, e.g., Bardwell; Riddell; see also Bernatschke v. United States,* 364 F.2d 400, 404–05, 176 Ct.Cl. 1234 (Ct.Cl.1966) (nature of payments depends on true intent of parties and parol evidence may be considered if the agreement is ambiguous); *Cf. Adam v. United States,* 429 F.Supp. 38, 41 (D.Wyo.1977) (controlling factor where the agreement is ambiguous is the intent of the parties to the agreement as determined by the surrounding facts and circumstances; where agreement is not ambiguous, there is no need to look beyond agreement to determine nature of payments).

In the matter before us, Robert W. Boucher and Billie never agreed to a property settlement or to support payments. Consequently, the parties' intent is neither ascertainable nor relevant. Accordingly, we are required to look to the Montana court's conclusion as to the nature of the payments. That determination is clearly expressed in the decree: Billie had a property interest in the ranch property and the court intended to award the payments as part of a property division. Thus, the character of the payments at issue here is apparent from the face of the decree; there is no ambiguity. Consequently, there is no need to examine the surrounding facts and circumstances to determine the true nature of the payments. The decree, which is unequivocal and the result of a contested action, is controlling as to the nature of the payments under the applicable tax statutes.

Boucher's arguments amount to a collateral attack on the clear and unequivocal determination by a state court of an interest in property. We agree with the Commissioner's view that "the tax court, and on appeal, this court, are not the proper forums for litigating the underlying merits of the state court's property division."[6] Nothing contained in section 71 permits a taxpayer to challenge before the tax court a state court's determination, after an evidentiary hearing, that his wife had a property interest for which she was entitled to periodic compensation. The determination as to whether a protectible property interest exists is a matter of state, not federal, law. *See Goss v. Lopez,* 419 U.S. 565, 572–73, 95 S.Ct. 729, 735, 42 L.Ed.2d 725 (1975).

Where the parties negotiate a property settlement agreement, which is thereafter incorporated into the divorce decree, without an independent determination by the court as to the nature of any payment set forth therein, this court has held that we must look to the laws of the state to resolve any dispute as to the character of any property described in the agreement. *See, e.g., Riddell,* 281 F.2d at 841. Where, as here, the state court has finally determined the character of the challenged payments after a contested hearing,[7] that judg-

---

6. Appellant's opening brief at 17 n. 10.

7. In *Bernstein v. Commissioner of Internal Revenue,* 622 F.2d 442 (9th Cir.1980), we rejected the taxpayer's argument that a $60,000 amount

awarded as alimony in gross and payable in monthly installments for a period of sixty months was rendered "periodic" by the fact the amount was included in a decree that also provided for periodic payments. We do not

ment must be given full faith and credit. *See* 28 U.S.C. § 1738.[8] Under such circumstances, *i.e.*, where the state court's characterization of the payment is precise and free of ambiguity, it is unnecessary to hold an evidentiary hearing in the tax court to determine the intent of the parties,[9] or to review the local law to determine if it was properly applied by the state court.

It should be noted, in construing the narrow question we have addressed, that the taxpayer in this matter does not claim that he was denied a full and fair opportunity to present the same issue to the Montana state courts for trial and review. *See Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 418, 66 L.Ed.2d 308 (1980). Moreover, the taxpayer has not suggested that the state judgment is void in any respect.

This judgment is AFFIRMED.

---

believe that our holding is inconsistent. *Bernstein* does not indicate whether the decree incorporated an earlier negotiated settlement. Further, the award in *Bernstein* satisfied the requirements of section 71(c), and the only issue was whether the payments were periodic. Here, the issue is whether the decree required the taxpayer to make payments to discharge an obligation to support stemming from the marital relationship.

8. 28 U.S.C. § 1738 provides in pertinent part:
    The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the Clerk and seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.
    Such ... records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every

court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

9. This view is consistent with that expressed by this court in *Riddell v. Guggenheim*, 281 F.2d 836 (9th Cir.1960). Because the agreement at issue in *Riddell* was ambiguous, we noted that the lower court was required to consider oral evidence of the parties' intent. *Id.* at 838. We reviewed the court's findings as to intent under the clearly erroneous standard. We distinguished a situation where the government clearly establishes its case by documentary evidence. In our view, where a decree clearly and unambiguously sets forth that payments are property, the tax court's subsequent determination as to the taxpayer's income tax liability for these payments is a question of law. *Cf. Swift Dodge v. Commissioner of Internal Revenue*, 692 F.2d 651 (9th Cir.1982) (whether agreement is sale or lease for federal tax purposes is question of law and freely reviewable on appeal).