**Dorothy Saligoe SCHMIT, Plaintiff,**

v.

**UNITED STATES of America,
Defendant.**

No. CV–S–87–101–PMP.

United States District Court,
D. Nevada.

July 18, 1988.

Douglas M. Edwards, Edwards, Kolesar, Toiga & Sewell, Chtd., Las Vegas, Nev., for plaintiff.

William A. Maddox, U.S. Atty., Las Vegas, Nev., David A. Hubbert, Trial Atty., Tax Div., Washington, D.C., for defendant.

ORDER

PRO, District Judge.

On February 5, 1987, Plaintiff DOROTHY SALIGOE SCHMIT filed a Complaint against Defendant UNITED STATES OF AMERICA (# 1). By her Complaint, Plaintiff requested that Defendant's tax lien upon her property be adjudged wrongful and ordered released. Plaintiff also requested that Defendant be enjoined from selling the property. Plaintiff further requested award of costs and attorney's fees.

On February 19, 1988, Defendant filed a Motion for Summary Judgment (# 18), and Plaintiff SCHMIT filed a Counter–Motion for Summary Judgment (# 19). Plaintiff filed her Response on March 9, 1988 (# 22), and Defendant filed its Response on March 11, 1988 (# 23). Plaintiff filed her Reply on March 21, 1988 (# 24). Defendant filed its Reply on March 22, 1988 (# 25).

By their proposed joint Pretrial Order, the parties have agreed that there are no disputed issues of fact. All of the issues to be decided are issues of law. Approval of the Pretrial Order has been deferred pending disposition of the Motions for Summary Judgment.

A hearing was held on June 24, 1988, at which time both parties were heard, and the matter was taken under submission.

FACTS

In 1975, Plaintiff SCHMIT purchased the property in question, which is a single family residence located in Las Vegas. The Government concedes that Plaintiff paid the down-payment and all of the subsequent monthly payment from a separate account comprised of proceeds from the estate of Plaintiff's mother. At the time of purchase, Plaintiff was married and the deed listed the owners as "JOSEPH SALIGOE and DOROTHY C. SALIGOE, husband and wife, as joint tenants." (Proposed Joint Pretrial Order ("PJPO"), Defendant's Exhibit J)

Salco Construction, Inc., was a construction business owned by Plaintiff and her then husband Joseph Saligoe. On July 20, 1979, a Notice of Federal Tax Lien in the

amount of $10,241.63 was filed against Joseph L. Saligoe for unpaid employment and unemployment taxes relating to Salco Construction. (PJPO, Defendant's Exhibit E)

On December 11, 1980, Plaintiff and Joseph L. Saligoe were divorced. The Eighth Judicial District Court stated: "The Court feels the home is primarily Mrs. Saligoe's separate property as she has contributed virtually all the money to purchase the home from her mother's estate. The Court awards the home to Mrs. Saligoe.... The Defendant to hold the Plaintiff harmless from any business obligation which may be outstanding including the tax lien." (PJPO, Defendant's Exhibit F)

On February 12, 1981, Joseph L. Saligoe recorded a quit claim deed conveying his interest in the property at issue to the Plaintiff.

On January 24, 1986, the Eighth Judicial District Court entered Amended Findings of Fact, Conclusions of Law, and Decree of Divorce Nunc Pro Tunc, which held that the property "was and is the sole and separate property" of Plaintiff. (PJPO, Defendant's Exhibit G)

On January 29, 1986, Plaintiff's former husband, Joseph L. Saligoe, died. On September 25, 1986, Plaintiff was served with a levy and notice of seizure of the property based on the previous federal tax lien. Plaintiff made application for Certificate of Discharge of Property from Federal Tax Lien, as well as Request for Release of Property from Wrongful Levy, but both were denied by Defendant. There has been a Stipulation and Order that the public auction sale of the residence will be continued until the allegations contained in the Complaint can be resolved (# 7 and # 8).

### AUTHORITY

At the hearing on this matter, Plaintiff conceded that under the new Bankruptcy rules, the Defendant's action to enforce the tax lien was timely. Therefore, the only issue which remains is whether Defendant's tax lien and subsequent levy on the property is valid.

In its Motion for Summary Judgment, Defendant argues that when Plaintiff and her former husband took title to the property as joint tenants, one-half of the property's value was presumed to be a gift to Joseph Saligoe, therefore, the tax lien was properly attached to Joseph Saligoe's interest in the property.

When separate funds of a spouse are used to acquire property in the names of the husband and wife as joint tenants, it is presumed that a gift of one-half of the value of the joint tenancy property was intended. The presumption is overcome only by clear and convincing evidence. *Gorden v. Gorden,* 93 Nev. 494, 569 P.2d 397, 398 (1977) (cites omitted).

Plaintiff argues that such a gift was never intended, and that the property is and always was her sole and separate property. The Nevada District Court apparently agreed and found sufficient evidence to overcome the presumption of a gift. The Decree of Divorce Nunc Pro Tunc held that the property "was and is the sole and separate property" of Plaintiff. (PJPO, Defendant's Exhibit G)

"In Nevada, a judgment may be amended nunc pro tunc if 'the change will make the record speak the truth as to what was actually determined or done or intended to be determined or done by the court....' *Finley v. Finley,* 65 Nev. 113, 119, 189 P.2d 334, 337 (1948), overruled on other grounds, *Day v. Day,* 80 Nev. 386, 395 P.2d 321 (1964)." *Koester v. Administrator of Estate of Koester,* 101 Nev. 68, 693 P.2d 569, 572 (1985).

The Latin phrase "nunc pro tunc," "literally means 'now for then.' When used in a judgment, the phrase signifies a relation back to a designated date, indicating that the judgment will be given anterior effect." *Ward v. Lupinacci,* 111 Idaho 40, 720 P.2d 223, 225 (App.1986). See also: *United States v. Carson,* 762 F.2d 833, 835 (10th Cir.1985); *Mitchell v. Overman,* 103 U.S. 62, 26 L.Ed. 369 (1880); and 6A Moore's Federal Practice § 58.08.

The nunc pro tunc ruling by the Nevada District Court therefore relates back to December 11, 1980 (the date of the divorce).

The nunc pro tunc ruling does not change or modify the divorce ruling, but merely states for the record what was determined earlier by the court: that the property "was and is the sole and separate property" of the Plaintiff.

■ This Court recognizes that Joseph Saligoe was listed as a joint tenant on the Deed. However, this Court must also give full faith and credit to the Nevada District Court findings. The "full faith and credit clause" of the Constitution of the United States, Art. IV, § 1, is binding only upon the state courts. But in 28 U.S.C. § 1738, Congress imposed on federal courts the duty to give full faith and credit to judgments of the state courts. *Wayside Transp. Co. v. Marcell's Motor Express, Inc.,* 284 F.2d 868, 870 (1st Cir.1960). See also *Bennun v. Board of Governors of Rutgers, etc.,* 413 F.Supp. 1274, 1278 (D.N.J.1976), and *Davis v. Davis,* 305 U.S. 32, 40, 59 S.Ct. 3, 6, 83 L.Ed. 26, 29 (1938).

"U.S.C. § 1738 obliges federal courts to give the same preclusive effect to a state-court judgment as would the courts of the State rendering the judgment." *McDonald v. City of West Branch, Mich.,* 466 U.S. 284, 104 S.Ct. 1799, 1801, 80 L.Ed.2d 302 (1984).

Defendant argues that it was not a party to the State proceedings, and therefore cannot be bound by its findings. However, the classification of property is not based upon which parties are involved. The nature of property is determined by evidence tending to prove or disprove its separate nature. The Nevada District Court apparently determined that it had evidence sufficient to overcome the presumption of a joint tenancy gift. Defendant concedes the facts relating to the purchase and payments on the property. No additional facts have been alleged. Without any additional evidence regarding the nature of the property, the Defendant's presence as a party to the State Court proceedings would not have changed the outcome.

In *Boucher v. C.I.R.,* 710 F.2d 507 (9th Cir.1983), a state divorce decree characterized certain required payments as property settlement. Robert Boucher requested that the district court modify its decree to characterize the payments as alimony. The court denied this motion. Nevertheless, Robert Boucher deducted the amount of these payments as alimony. The Commissioner of Internal Revenue subsequently determined that there was an income tax deficiency, and Robert Boucher appealed an order of the tax court upholding this determination. The Court of Appeals found that:

> Boucher's arguments amount to a collateral attack on the clear and unequivocal determination by a state court of an interest in property. We agree with the Commissioner's view that 'the tax court, and on appeal, this court, are not the proper forums for litigating the underlying merits of the state court's property division.'

*Id.* at 512.

While the case at issue is somewhat different, the underlying principle is the same. The State Court made a clear and unequivocal determination that the property in question was the sole and separate property of Plaintiff DOROTHY SALIGOE SCHMIT. In light of the State Court's ruling, the property was the separate property of the Plaintiff at the time Defendant's tax lien was placed on it. Since it was Plaintiff's separate property, Defendant's tax lien is not valid and cannot now be enforced.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Summary Judgment (# 19) is granted.

IT IS FURTHER ORDERED that Plaintiff's request for costs and attorney's fees is denied.

IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment (# 8) is denied.

The Clerk of Court shall enter Judgment in favor of Plaintiff and against Defendant accordingly.