**Ruth M. ALTMANN, Appellant,**

v.

**Ewald ALTMANN, Respondent.**

Nos. 72406, 72425, 72451.

Missouri Court of Appeals,
Eastern District,
Division One.

July 21, 1998.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 15, 1998.

Application for Transfer Denied
Nov. 24, 1998.

---

Janet F. Catalona, Madeline Long-Bennington, Clayton, for appellant.

John C. Garavaglia, St. Louis, for respondent.

GRIMM, Presiding Judge.

This consolidated appeal involves two cases. In the first case, husband seeks a declaration that three $200,000 payments he made in 1991, 1992, and 1993 were statutory maintenance. In her cross-petition, wife asks that the payments be designated as maintenance in gross. The trial court denied both requests, finding that the issues were more appropriate for determination by the United States Tax Court. Both parties appeal; we affirm.

In the second case, wife seeks equitable relief for fraud or in the alternative seeks distribution of property omitted from the dissolution decree. Before the case was submitted, the trial court required her to elect her remedy and, over her objection, she

elected to proceed on the fraud count. The trial court found husband's actions were not fraudulent and denied wife's petition. She appeals. We find that the trial court erred in requiring the election of remedies and reverse and remand.

## I. Declaratory Judgment

### A. Background

The pleadings and evidence disclose that the parties' thirty-six year marriage was dissolved on September 27, 1990. At that time, the trial court's decree ordered the parties to "perform the terms of their separation agreement attached hereto, incorporated herein, and made a part" of the decree.

Paragraph 4 of the separation agreement provides:

4. [Husband] shall pay to [wife] contractual, non-modifiable maintenance pursuant to Section 452.335 V.A.M.S. as follows and these provisions shall be set forth as an order in the decree of dissolution of marriage for which execution and levy shall lie:

A. $200,000.00 on or before the first anniversary of the entry of the Decree of Dissolution of Marriage herein.

B. $200,000.00 on or before the second anniversary of the entry of the Decree of Dissolution of Marriage herein.

C. $200,000.00 on or before the third anniversary of the entry of the Decree of Dissolution of Marriage herein.

Husband made the payments in 1991, 1992, and 1993, and a satisfaction of judgment was filed. Wife did not declare the payments as income on her tax returns. On the other hand, husband deducted each payment on his tax returns. This inconsistency caused the Internal Revenue Service to send deficiency notices to both parties.

In August 1994, husband filed his petition for declaratory judgment. Among other things, he contended that wife received statutory maintenance under section 452.335.* As a result, he alleged, because the parties did not agree that it would terminate upon her death, the payments would have terminated under section 452.370.3 if she had died.

* Unless otherwise indicated, all statutory references are to RSMo 1994.

Thus, he argued, he met the IRS requirements for deductibility under the Internal Revenue Code. *See* 26 U.S.C.A. section 71(b)(1)(D).

In her answer, wife acknowledged that a dispute existed as to the proper treatment of the payments. She alleged in her cross-petition that when the separation agreement was entered into in 1990, Missouri law permitted lump sum maintenance which was not subject to modification. Thus she argued, husband was obligated to make the payments even had she died or remarried.

### B. Points on Appeal

Both parties' first point, husband's second point, and wife's fifth point allege the trial court erred in refusing to issue a declaratory judgment in this case. Because of their interrelationship, we consider them together.

Both parties argue the trial court was required to make a declaration of rights. They allege that state law, not federal tax law, controls the determination of the issues in this case. We agree that state law controls. However, we disagree that under the facts in this matter, a state court can make a declaration of Missouri law which is binding on either the United States Tax Court or any other federal court.

This conclusion is supported by the events that have occurred since the trial court heard this case and while it has been pending on appeal. In May 1998, wife asked this court to dismiss this appeal as moot. Attached to her motion was a decision of the United States Tax Court in a case wife brought against the Commissioner of Internal Revenue. That decision determined that "there are no deficiencies in income tax due from nor overpayments due [wife] for the taxable years 1991, 1992, and 1993."

In response to wife's motion, husband filed an objection. He points out that he did not acquiesce in that settlement nor was he a party to it. As such, he contends that decision did not moot the issue he raised.

Wife's motion was ordered taken with the case. We agree with husband and therefore deny wife's motion. However, it would appear futile for this court to make a determination contrary to that already decided by the tax court.

We now turn to the peculiar issue before us. Section 71 of the tax code provides that, if certain requirements are met, payments between $spouses' pursuant to a separation or divorce agreement may be includable in the income of the payee and deductible by the payor. *See also* 26 U.S.C.A. section 215.

Here, the trial court was effectively asked to determine the rights and obligations of former spouses under section 71 of the tax code after the dissolution decree was entered, husband had made the payments, wife had received the payments and had not died, and all parties had filed tax returns. Neither the parties' briefs nor our independent research disclosed an instance where this has been accepted as a justiciable dispute and a state court had made such a determination.

However, there are numerous cases where parties petitioned a federal tax court to determine rights under section 71 in similar circumstances. For example, in *Hayutin v. C.I.R.*, 508 F.2d 462 (10th Cir.1974), the tax court determined that payments made by the husband to the wife under Colorado law were partially support and partially a division of property. The tax court looked to Colorado law in making its determination. *Id.* at 466-67.

The wife appealed and argued that the payments must be viewed wholly as a division of property. Her argument rested on a Colorado Supreme Court case which held a transfer was a division of property under a state statute. *Id.* at 468 (citing *In re Questions Submitted by United States District Court in Civil Action Imel v. United States*, 184 Colo. 1, 517 P.2d 1331 (1974)).

The tenth circuit affirmed, but stated that the characterization placed on the transfer by the Colorado Supreme Court "is not controlling for [federal] tax purposes." *Id.* at 468. The court went on to interpret state law on its own. It stated "[t]hus, we find that although the payments in question may be characterized by Colorado courts as a property settlement they are in fact payments in satisfaction of a marital obligation

and not part of a division of marital property." *Id.* at 469.

Other federal cases are in accord with *Hayutin.* Thus, in *Coker v. United States,* 456 F.2d 676 (8th Cir.1972), a Nebraska divorce decree provided for two $30,000 payments "as permanent alimony." *Id.* at 676–77. The husband deducted the two payments as periodic alimony, but the I.R.S. disallowed the deductions. *Id.* at 677. On appeal, the trial court found the payments were not deductible. In affirming that decision, the 8th Circuit said that "the fact that the payments were described as 'permanent alimony' in the court decree is descriptive but not determinative." *Id. See also Wright v. Com'r of Int. Rev.,* 543 F.2d 593, 598 (1976) ("The use of a particular label in the divorce decree or settlement agreement is not conclusive" of the parties' intentions.); *Bardwell v. C.I.R.,* 318 F.2d 786, 789 (10th Cir.1963) ("tax incidences of [monthly payments] under 26 U.S.C. section 71(a)(1) are [not] to be governed by the rules of state law .... state law is not binding upon the federal courts in determining income tax questions arising out of situations such as this.")

We acknowledge that *Boucher v. C.I.R.,* 710 F.2d 507 (9th Cir.1983) contains language that in certain limited circumstances, a federal court might be bound by a state court's determination of the tax consequences of payments between spouses pursuant to divorce. However, we note that although a state court in that case had ruled on the matter, the tax court "examined Montana state law to determine whether [the wife] had acquired an interest in property during her marriage." *Id.* at 509. Moreover, unlike the facts before us, in *Boucher,* the federal court noted that the provisions in dispute were not the result of negotiations between the parties, but rather were established by the trial court following a trial on the issue of property division and spousal support. *Id.* at 508. The facts and circumstances before us are clearly distinct from those in *Boucher.*

■ The narrow issue now before us is whether the trial court was obligated to issue a declaratory judgment. Section 527.060 and rule 87.07 permits a trial court to refuse to render or enter a declaratory judgment if the judgment "would not terminate the uncertainty or controversy giving rise to the proceeding." Moreover, declaratory judgments are to a large extent discretionary remedies. *State Farm Fire & Cas. Co. v. Powell,* 529 S.W.2d 666, 668 (Mo.App. S.D.1975).

■ Upon review of the record and the law, we cannot say the trial court was obligated to issue the judgment or abused its discretion in denying the petition and cross-petition for declaratory judgment. Nor is its finding that the issues are more appropriate for determination by the tax court an abuse of discretion. Further, as shown by the decision of the United States Tax Court in wife's case, the trial court's decision would not have ended the controversy.

The parties' points are denied, and the trial court's judgment in St. Louis County Circuit Court number 666366 is affirmed.

## II. Equitable Relief

### A. Background

We turn now to the second case, which wife filed against husband. The pleadings and testimony disclose that during discovery in the first case, husband produced copies of his tax returns for several years, including 1990 and 1991. Wife claims that these returns revealed marital property which was not divided by the court in the dissolution proceedings. She filed a Petition for Equitable Relief for Fraud or in the alternative Suit in Equity to Distribute Property Omitted From Decree of Dissolution of Marriage.

Count I of that petition is for fraud. It alleges both parties represented in the separation agreement that there was a full disclosure of marital assets and that there was no further property to be divided. Further, it alleges husband's 1990 and 1991 tax returns revealed nine items of alleged marital property which were not divided by the court. Also, it alleges, among other things, that wife did not know of the existence of the property and husband knew his representations were false.

Count II of the petition is captioned 'Mistake' and seeks an equitable distribution of the omitted property. It alleges both parties

represented there was a full disclosure of marital property, and that there was no further property to be divided in the separation agreement. Nevertheless, it alleges, certain marital property was omitted from the separation agreement. It also alleges wife was unaware of the existence of the omitted property when the agreement was executed.

In his answer, husband admitted that his 1990 return revealed marital property which was not divided by the court. He acknowledged that two bonds were not divided. He denied all other allegations, including that there was other property not divided. However, in an answer to interrogatories, he acknowledged discovering another bond which he "had forgotten about and failed to include."

Immediately prior to trial, husband filed a motion to require wife to make an election of remedies between the two counts. The motion alleged the two counts "are inconsistent with each other and involve inconsistent remedies." The trial court took the motion under advisement. During the noon recess, it granted the motion. It announced that wife was required to make an election prior to submission of the case. Wife objected to the trial court's ruling but elected to submit on the fraud count.

At trial, evidence was presented that three bonds were not divided by the trial court. One was a $20,000 St. Louis Children's Hospital bond and the second was a $20,000 Union Electric bond. Both were purchased in 1988 and sold within two weeks after the dissolution decree was entered. The third was an Omaha Power bond valued at $50,000 purchased in 1987. Although wife presented evidence concerning possible other assets, on appeal she limits her complaint to these three bonds having a total value of about $90,000.

## B. Points on Appeal

### 1. Fraud Count

■ Having disposed of wife's first point while discussing the declaratory judgment issue, we turn to her second point. In this point, she alleges the trial court erred in failing to find that husband's "failure to disclose certain marital assets was not fraudulent." She argues that husband either knowingly made false representations, or "made the representations with consciousness that he was without knowledge as to their truth or falsity."

Husband testified that when he signed the separation agreement, he did not know that he had the bonds. After the dissolution was complete, he went through his safe and found them. He explained that prior to that time, he "was too busy running the business and watching my investments and doing work." Further, because his broker kept most of his other investments, he forgot that certificates were issued for these bonds and he had them.

Moreover, concerning the Omaha Power bond, he testified that it was disclosed to wife during the discovery proceedings. In its findings, the trial court specifically found that husband "disclosed the existence of the Omaha Bond during discovery."

The trial court found credible husband's testimony that the other two bonds "were in certificate form and were kept in a safe located" at a business the parties operated and that husband did not discover them until after the marriage was dissolved. Also, it believed that husband had "mistakenly failed to disclose" them and his actions were "not fraudulent."

We defer to the trial court's determinations involving the credibility of witnesses. There is sufficient evidence to support the trial court's judgment that husband did not fraudulently fail to disclose the marital assets. Point denied.

### 2. Election of Remedies

Wife's third point alleges the trial court erred in "requiring [her] to make an election of remedies between her action for distribution of omitted property and her action for fraud, as the theories are not inconsistent, and requiring such an election erroneously declares and applies the law."

■ As noted in *Whittom v. Alexander–Richardson Partnership,* 851 S.W.2d 504, 506 (Mo.banc 1993), a distinction exists between

election of remedies and election of inconsistent theories of recovery. Election of remedies is a doctrine of estoppel. Basically, it provides that where a party has the right to pursue one of two inconsistent remedies and makes an election, institutes suit, and prosecutes it to final judgment, that party cannot thereafter pursue another and inconsistent remedy. *Id.*

■ The election of remedies doctrine is entirely distinct from the election of inconsistent theories of recovery. *Id.* at 506–07. Under the latter, a party must elect between theories of recovery that are inconsistent, even though pled together, before submitting the case to the trier of fact. *Id.* at 507. If two counts are so inconsistent that proof of one necessarily negates, repudiates, and disproves the other, it is error to submit them together. However, theories are inconsistent only if in all circumstances, one theory disproved the other. To be inconsistent and require an election, the theories must "factually disprove each other." *Id.*

■ In the case before us, the facts necessary to prove that property was omitted from the dissolution decree because of a party's mistake do not disprove the facts necessary to prove fraud. To invoke equitable relief for omitted property, it is sufficient to allege that (1) items of marital property were not disposed of in the dissolution decree, (2) petitioner was unaware that they existed or that they were marital property when the decree was entered, (3) a separation agreement disposed of the other marital property, and (4) the original pleading neither described nor requested a disposition of the omitted property. *Ellington v. Pinkston*, 859 S.W.2d 798, 799 (Mo.App. E.D.1993).

Here, the parties agree, and the trial court found, that none of the three bonds were disposed of in the original decree. Although a dispute existed as to whether wife was unaware of the Omaha Power bond, husband does not contest that she did not know of the other two bonds. Finally, the separation agreement disposed of all the other marital property and the omitted property was not described in the pleadings or agreement.

■ We apply these cases to the facts before us. If the trial court believed wife's proof of the necessary elements to obtain equitable relief for omitted property, such proof would not necessarily negate, repudiate, or disprove that husband falsely stated that he had disclosed all marital property. Conversely, proof that husband falsely stated that he had disclosed all marital property would not necessarily negate, repudiate, or disprove that property was omitted from the original decree. Proof of extrinsic fraud is unnecessary when seeking allocation of property omitted in a dissolution decree. *Ellington*, 859 S.W.2d at 800.

Here, the pleadings and the trial court's judgment aptly demonstrates this conclusion. By their pleadings, the parties agreed that neither the separation agreement nor the decree described the hospital bond and electric bond. Moreover, the trial court found that those two bonds "were not distributed" in the decree. However, it found that the failure to disclose those bonds "was not fraudulent."

As to the Omaha bond, the trial court found that husband disclosed this bond during discovery. However, it also found that "said marital asset was not distributed in the Dissolution of Marriage Decree."

We conclude that the fact and finding that the disclosure of the two bonds was not fraudulent does not negate, refute, or disprove that the three bonds were omitted by mistake from the original decree. The two theories at issue here are not inconsistent. The trial court erred in requiring wife to elect. Point granted.

The trial court did not require wife to elect until the evidence was concluded, i.e. prior "to the case being finally submitted." Most importantly, it did not preclude wife from presenting all evidence on both theories. Thus, on remand, the trial court shall consider the pleadings, previously presented evidence, and law on wife's alternative count and enter judgment accordingly.

### 3. Findings and Conclusions

■ Wife's fourth point alleges the trial court erred in not making findings of fact

and conclusions of law. Wife requested eleven conclusions of law and eleven findings of fact in the declaratory judgment case. As recently noted in *Parker v. Parker,* 971 S.W.2d 878, 881 (Mo.App.E.D. 1998), nothing in Rule 73.01(a)(3) requires a trial court to provide conclusions of law. Our holding on the declaratory judgment appeal moots this issue as to that case.

 She also requested ten conclusions of law and sixteen findings of facts in the second case. The trial court responded to most of wife's requests in thirteen numbered paragraphs and its response was adequate. Although the trial court did not directly respond to all requested findings, its failure did not interfere with our review. Generally, if the record is sufficient to support the trial court's judgment, we will affirm. *Lattier v. Lattier,* 857 S.W.2d 548, 549 (Mo.App. E.D. 1993). Point denied.

### 4. Burden of Proof

Wife's final point alleges the trial court erred "in allocating to [her] the burden of proof on the issue of the source of the increase in [husband's] stated net worth, as such information was peculiarly within the knowledge of [husband]."

Wife's brief argues that husband disclosed assets worth $2,306,396.00 on the date of the dissolution and that eight months later he disclosed assets of $2,772,973.01. She contends "the trial court should have required [husband] to bear the burden of proof on the issue of the source of the apparent increase in net worth in the eight month period in question. Without information from [husband], it was impossible for [wife] to trace the source of the increase in the value of [husband's] assets or to determine if ... the purported increase represents assets not disclosed by [husband] in the dissolution."

When fraud is alleged, the burden of proof as to each element falls on the party asserting the fraud and fraud is never presumed." *Magna Bank of Madison County v. W.P. Foods, Inc.,* 926 S.W.2d 157, 162 (Mo.App. E.D.1996). The difficulty of proving fraud does not dispense with the necessity of establishing the proof, for, as is often said, "the burden of proof rests upon [the person] who asserts it." *Schnuck v. Kriegshauser,* 371 S.W.2d 242, 248 (Mo.Div.2 1963). Wife has cited no authority to the contrary and her point is denied.

The trial court's judgment in St. Louis County Circuit Court number 678572 is remanded. The trial court shall consider the pleadings, previously presented evidence, and law on wife's alternative Count II seeking distribution of property omitted from the dissolution decree and enter judgment accordingly.

PUDLOWSKI and GARY M. GAERTNER, JJ., concur.