OPINION
On October 16, 1986, appellant, Alan H. Coogan, and appellee, Sylvia Coogan, had their marriage dissolved in the Portage County Court of Common Pleas. The parties had been married for twenty-five years and had three children as issue of the marriage, who were at that time emancipated. Portions of the separation agreement, incorporated in the final decree of dissolution, which are relevant to this appeal read as follows:
 "ALIMONY: subject to further order of this court and beginning on October 1, 1986, Husband agrees to pay to Wife as and for alimony One Thousand Five Hundred Dollars ($1,500) each month until Wife's remarriage, Husband's retirement and receipt of STRS benefits or the death of either party.
"DIVISION OF PROPERTY. * * *
 "Husband is a participant in the State Teachers Retirement System (STRS). Husband agrees to keep Wife as an irrevocable beneficiary on these funds.
 "Thirty-five percent (35%) of Husband's gross monthly benefits shall be paid to Wife when Husband retires and benefits commence to Husband. Benefits to Wife shall cease only at Wife's death. Should Husband predecease Wife, Wife shall receive the whole monthly benefit."
On October 30, 1998, appellant filed a post-decree motion to terminate his spousal support obligation and to clarify the parties' rights to retirement benefits under the agreement. On March 24, 1999, appellant moved for relief from judgment, under Civ.R. 60(b)(4) and (5), with regard to the October 16, 1986 dissolution decree. On March 30, 1999, a hearing was held before a magistrate at which time appellant presented evidence that he had retired from his job as a professor at Kent State University and was now receiving his income from the State Teachers Retirement System ("STRS"). He argued that appellee was not entitled to any of his retirement benefits accrued after the termination of the marriage and that appellee should be responsible for any tax consequences for benefits she received. On April 1, 1999, the magistrate issued a decision recommending that: appellant's motion for relief from judgment be overruled as untimely; appellant's spousal support obligation be terminated as of January 1, 1999, the date he became eligible to receive retirement benefits; his motion for relief from judgment be overruled; appellee is entitled to 35% of appellant's gross monthly STRS benefits; and, the portion of his STRS benefits that resulted from his military service time was not subject to distribution.
Both parties filed timely objections to the magistrate's decision. A hearing was held before the trial court on July 23, 1999. On August 2, 1999, the trial court overruled both parties' objections, adopted the magistrate's decision and ordered the counsel for appellee to prepare a final judgment entry consistent with the magistrate's decision. The final order, issued on October 4, 1999, specified that the alimony obligations of appellant were to terminate as of December 31, 1998 and appellant was to pay to appellee 35% of his entire STRS benefits except for the portion of his benefits purchased as military service retirement.
Appellant assigns the following errors:
 "[1.] The trial court erred and abused its discretion in overruling appellant's motion for relief from judgment pursuant to Civil Rule 60(B)(4) (5).
 "[2.] The trial court erred and abused its discretion in determining that appellee is entitled to 35% of appellant's gross STRS benefits including benefits earned after the termination of the parties' marriage.
 "[3.] The trial court erred and abused its discretion in requiring appellant to be responsible for the tax consequences associated with appellee's portion of appellant's STRS benefits."
In his first assignment of error, appellant asserts that the trial court erred by overruling his motion for relief from judgment. Appellant sought to have the 1986 dissolution decree vacated under Civ.R. 60(B)(4) or (B)(5).
In Knapp v. Knapp (1986), 24 Ohio St.3d 141, 493 N.E.2d 1353, the Supreme Court of Ohio held: "[t]he `* * * it is no longer equitable * * * clause' of Civ.R. 60(B)(4) will not relieve a litigant from the consequences of his voluntary, deliberate choice to enter into a separation agreement in a dissolution of marriage proceeding." Id. at paragraph two of the syllabus. Thus, appellant was not entitled to relief from judgment under Civ.R. 60(B)(4).
"Civ.R. 60(B)(5) is intended as a catch-all provision reflecting the inherent power of a court to relieve a person from the unjust operation of a judgment, but it is not to be used as a substitute for any of the other more specific provisions of Civ.R. 60(B). * * * The grounds for invoking Civ.R. 60(B)(5) should be substantial." Id. at paragraph two of the syllabus. Caruso-Ciresi, Inc. v. Lohman (1983), 5 Ohio St.3d 64,448 N.E.2d 1365, paragraph one of the syllabus. Appellant made no distinction between his arguments under Civ.R. 60(B)(5) and his arguments under Civ.R. 60(B)(4). Therefore, he did not demonstrate that he had substantial grounds for relief under Civ.R. 60(B)(5) or Civ.R. 60(B)(4), as previously indicated. Appellant's first assignment of error is without merit.
In his second and third assignments of error, appellant asserts that the trial court erred by determining that appellee was entitled to the portion of his STRS benefits accrued after the termination of the marriage and by failing to rule that she was responsible for the tax consequences on these benefits. In support of these assignments, appellant cites numerous statutes and cases that apply to cases where the parties had their marriage terminated by divorce, not by dissolution.
Mutual consent of the parties distinguishes dissolution from divorce.In re Whitman (1998), 81 Ohio St.3d 239, 690 N.E.2d 535. An integral part of dissolution proceedings is the separation agreement, agreed to by both parties, which is a binding contract between them. Id. at 241. By entering into the agreement, the parties chose to be bound by the agreement and not the property division provisions of the Revised Code. Therefore, contract law, not the divorce statute, governs the provisions of the separation agreement.
Pursuant to R.C. 3105.65(B) and 3105.18(E)(2), a trial court only has jurisdiction to modify terms of spousal support if the separation agreement specifically authorizes it to do so. In the instant case, the parties did not authorize the court to modify spousal support. Further, the disputed payments were specifically characterized as property division; thus, the trial court only had the authority to interpret the agreement as it was written.
The provisions of the separation agreement are not ambiguous. From the language of the entire agreement, the intent of the parties was obvious. Upon appellant's retirement, his STRS benefits would effectively substitute for spousal support. The agreement specifies that: "thirty-five percent of [appellant's] gross monthly benefits shall be paid to [appellee]." Had the parties meant for this to include only those benefits accrued during the marriage, they would have so specified in the agreement. Furthermore, appellant's contention that he did not understand the terms of the agreement loses credence when it appears that the agreement was printed on his attorney's stationery. A party is not entitled to relief from a judgment incorporating a separation agreement because he has made a unilateral mistake as to its provisions. Irwin v.Irwin (Sept. 27, 1996), Lake App. No. 95-L-102, unreported.
Appellant further argues that it is inequitable for him to be responsible for the tax consequences of the portion of the STRS benefits paid to appellee. The trial court had no jurisdiction to address the tax consequences of this arrangement in disposing of the Civ.R. 60(B) motion; it only needed to interpret the provisions of the separation agreement, which it did correctly. Although the separation agreement and the trial court refer to the payments by appellee as a division of property, under the Internal Revenue Code they may possibly be treated the same as spousal support. See Phinney v. Mauk (C.A.5, 1969), 411 F.2d 1196,1198; Bardwell v. Commr. of Internal Revenue (C.A.10, 1963), 318 F.2d 786,789. To qualify as spousal support, the payments must be made "in cash," and "received by a spouse under a divorce or separation agreement" and the right to receive the payments must terminate upon the death of the payee spouse. Section 71(b)(1)(A) (D), Title 26, U.S.Code. Guziak v.Guziak (1992), 80 Ohio App.3d 805, 812, 610 N.E.2d 1135. These are matters to be resolved between the parties and the I.R.S. Appellant's second and third assignments of error are without merit.
For the foregoing reasons, the judgment of the trial court is affirmed.
 ______________________ ROBERT A. NADER, JUDGE
CHRISTLEY, P.J., O'NEILL, J., concur.